SASS & CRAWFORD v. THOMAS et al.

(Circuit Court of Appeals, Eighth Circuit. March 25, 1907.)

No. 2,393.

LANDLORD AND TENANT—REPUDIATION OF TENANCY—DENIAL OF TITLE—UNLAWFUL DETAINER—TIME TO SUE.

Where tenants repudiate their tenancy, deny the title of their landlord and assert title in themselves, the landlord is entitled to commence and maintain an action of unlawful detainer, without awaiting the expiration of the lease.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, §§ 336, 1209.]

In Error to the United States Court of Appeals in the Indian Territory.

For opinion below, see 89 S. W. 656.

Minnie Thomas and her husband sued Sass & Crawford in unlawful detainer for the possession of real property in Ardmore, I. T. It was averred in the complaint that Mrs. Thomas, being the owner of the property, had executed a lease for a three years' term to a firm by the name of Munzesheimer & Daub; that defendants acquired the leasehold interest and became her tenants; that the term had expired and that defendants refused to surrender possession after due notice; also, that in the month preceding the commencement of the action the defendants denied the title of Mrs. Thomas, and repudiated any tenancy by setting up in an injunction suit which they instituted against her that before the making of the lease she had given a quitclaim deed, and that her title was thereby devested and had passed to defendants.

The defendants, in answering, denied the making of the particular lease described in the complaint, but averred that the lease she did make and under which they claimed was for a longer term which had not expired, and that they had tendered the rent and were lawfully in possession. They admitted in their answer that in the injunction suit referred to they had denied her title, had asserted title in themselves, and had endeavored to substantiate the same by evidence. They sought to excuse this repudiation of their tenancy by averring that in their injunction suit they also relied upon the lease, and that their assertion of title in themselves was to show "that in any event" they were entitled to possession and to prevent Mrs. Thomas from trespassing. There was no reply to the answer. Under the laws of Arkansas in force in this particular in the Indian Territory averments of new matter in an answer not amounting to a counterclaim or set-off are considered as denied without reply. Mansfield's Dig. §§ 5025, 5043 [Ind. T. Ann. St. 1899, §§ 3230, 3248].

At the trial it was shown conclusively, and without contradiction, that defendants' predecessors went into possession as tenants of Mrs. Thomas under the three years' lease described in her complaint, and that soon afterwards, and whilst she was confined to her bed by illness, they obtained her signature to the lease for the longer term set up in the answer by falsely and fraudulently representing to her that it was the same as the one first executed excepting as to the joinder therein of her first husband, who had recently died. The verdict of the jury and the judgment of the trial court were for Mrs. Thomas. The judgment was affirmed by the Court of Appeals in the Indian Territory (89 S. W. 656), and this writ of error was prosecuted. As to the history of this case, see Sass v. Thomas, 64 S. W. 528, 3 Ind. T. 545, and 69 S. W. 893, 4 Ind. T. 336, and of the injunction suit of Sass & Craw-

ford, see Thomas v. Sass, 64 S. W. 531, 3 Ind. T. 545, and 69 S. W. 894, 4 Ind. T. 336.

Ledbetter & Bledsoe, for plaintiffs in error.

W. I. Cruce and A. C. Cruce, for defendants in error.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

HOOK, Circuit Judge, after stating the case as above, delivered the opinion of the court.

If a tenant repudiate his tenancy, deny the title of his landlord, and assert title in himself, may the landlord at once commence and maintain an action in unlawful detainer without awaiting the expiration of the term of the lease? In Willison v. Watkins, 3 Pet. (U. S.) 42, 7 L. Ed. 596, it was held that, when a tenant repudiates his tenure and claims adversely to his landlord, his term at once comes to an end; that his possession is then as much the subject of action by the landlord as a possession originally acquired by wrong; that the relation of landlord and tenant is dissolved and each party is thenceforth to stand upon his own right. Though that was a case of trespass to try title in which it appeared that the statute of limitations had run against the landlord after the repudiation by the tenant, the principle declared is fully applicable to the case at bar. There is nothing exceptional or peculiar about the relation existing between landlord and tenant that prevents them from putting an end to it at any time though the term originally fixed may still endure. The legal consequences of acts committed are as effectual for that purpose as the formal convention of the parties. When one having obtained possession as a tenant disclaims holding as such and denies the title of his landlord, he has broken the tenure and his term has come to an end. It is then his duty to surrender the property, and, failing to do so, the remedy of the landlord to sue in unlawful detainer is as available as it would be in case of holding over after the natural expiration of the contract term. Tobin v. Young, 124 Ind. 507, 24 N. E. 121; Buckner v. Warren, 41 Ark. 532; Barnewell v. Stephens, 38 So. 662, 142 Ala. 609; Fusselman v. Worthington, 14 Ill. 135; Wall v. Goodenough, 16 Ill. 415; Doty v. Burdick, 83 Ill. 473; Douglass v. Anderson, 32 Kan. 353, 4 Pac. 283. That Sass & Crawford disclaimed the tenancy, denied the title of Mrs. Thomas, and asserted title in themselves stood admitted upon the face of the complaint and answer. There being no issue raised, no evidence concerning the matter was necessary and judgment could well have followed upon the pleadings.

Another question was presented and elaborately argued. When a defendant in an action at law puts forward as a defense a written instrument executed by the plaintiff, may the latter overthrow it by proof that his signature was obtained by false and fraudulent representations as to the character of the instrument, though there is no averment thereof in his complaint? In other words, may the attack upon the writing executed under such circumstances be deferred until rights are asserted under it in an action at law, or must the aid of a court of equity be sought for its cancellation?

The conclusion reached upon the other feature of the case is sufficient for its disposition.

The judgment is affirmed.