# EQUITABLE MANUFACTURING COMPANY, Appellant, v. MORT WAFUL, Respondent.

### Kansas City Court of Appeals, May 25, 1908.

**SALES: False Representations: Evidence: Judgment.** Judgment is affirmed because supported by substantial evidence and there was no error in the rulings of the court on the admission of the evidence and the instructions are in conformity with the law declared in the case of Jewelry Company v. Withaup, 118 Mo. App. 126.

Appeal from Clinton Circuit Court.—*Hon. Alonzo D. Burnes*, Judge.

AFFIRMED.

*F. B. Ellis* for appellant.

(1) There was no evidence to support the answer of defendant as to any false representations made by the agent of plaintiff when the contract of sale was made. The only evidence introduced by the defendant was his own testimony and he only says the goods re-

ceived by him was of an inferior quality. (2) The defendant could not be relieved from his written obligation by saying it was an inferior lot of jewelry when his own testimony was conclusive that he did not know good jewelry from bad and especially is this true when he failed to examine the goods which was in his possession for two months. Hendley v. Refining Co., 106 Mo. App. 26; Milstead v. Equitable Mortgage Co., 49 Mo. App. 200; Fairgrieve v. Moberly, 29 Mo. App. 241. (3) The defendant over the objection of plaintiff was permitted to testify as an expert as to the quality of goods which he says he only concluded from appearances and did not even take them out of the box which they were shipped in. If he had not sufficient experience in the handling of this class of goods he could not testify as an expert. Evidence as to the quality of property whether by expert or non-expert witnesses must be based on adequate knowledge of the thing and knowledge of the thing testified to. Schaaf v. Fries, 77 Mo. App. 346; Marshall v. Bingle, 36 Mo. App. 122.

*John A. Cross* for respondent.

(1) The court will find on examination of Jewelry Co. v. Withaup & Co., 118 Mo. App. 125, that the plaintiffs in that case are the plaintiffs in this action, under the name of the Equitable Manufacturing Company; they are a partnership, of which the members are T. C. Loveland and J. L. Records, and place of business Iowa City, Iowa. The facts are the same in each case except the question of notice in the Elgin case, supra. (2) The order given in this case said nothing about the quality of the goods sold, and fraudulent representations made by plaintiff's salesman regarding the quality of the goods can be shown by parol without violating the rule, that parol evidence cannot be received to vary a written contract. Jewelry Co. v. Withaup & Co., 118 Mo. App. 126; Liebke v. Methudy, 14 Mo. App. 65.

JOHNSON, J.—Action to recover the purchase price of a lot of jewelry sold by the manufacturers to a retail merchant. The Equitable Manufacturing Company is a partnership composed of Theodore O. Loveland and James L. Records engaged in business at Iowa City, Iowa. Through a traveling salesman, they obtained a written order for a quantity of jewelry from defendant, a druggist at Lathrop. The order was in the form of that considered by the St. Louis Court of Appeals in Jewelry Company v. Withaup, 118 Mo. App. 126, where the plaintiffs were the same as in the present action. Defendant admits signing the order and receiving the goods, but alleges in defense that as soon as he examined them, he promptly rescinded the sale and returned them to plaintiff, on the ground that he was induced to sign the order by false and fraudulent representations of the traveling salesman respecting the character and quality of the articles, samples of which were not shown him.

The facts and circumstances disclosed by the evidence and the issues made by the pleadings are so similar in all essential features to those reviewed by the St. Louis Court of Appeals in Jewelry Co. v. Withaup, supra, that we adopt the opinion in that case as directly applicable to this. There, as here, the verdict and judgment were for defendant, and the vital issue was whether or not the contract of sale had been procured by false and fraudulent representations of plaintiff's traveling agent. The only difference in the facts of the two cases is in unessential particulars. We find the judgment before us to be supported by substantial evidence, that no error was committed in the rulings on the admission of evidence, and that the instructions were in conformity with the principles of law declared in the Withaup case. We sanction all that was said by our sister court in that opinion and, accordingly, the judgment is affirmed. All concur.