FISK v. ARNOLD et al.

(Circuit Court of Appeals, Eighth Circuit. December 29, 1908.)

No. 2,754.

1. INDIANS (§ 16*)—LEASES—CONSTRUCTION.

Where a lease of Indian lands required the lessee to put all the land in cultivation by the end of the second year and to construct an eightwire fence around the entire tract, the stipulation requiring cultivation by the end of the second year fixed the limit of time for completing the inclosure, in the absence of a provision to the contrary.

[Ed. Note.—For other cases, see Indians, Dec. Dig. § 16.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2.** INDIANS (§ 16*) — INDIAN LANDS — LEASES—REPUDIATION—TERMINATION OF LEASE.

Where lessees of Indian lands before the end of the contract term repudiated all duty and responsibility thereunder, and asserted that the lease was void and that the lessor had no right to the land, they thereby terminated the term and entitled the lessor to sue for possession.

[Ed. Note.—For other cases, see Indians, Dec. Dig. § 16.*]

**3.** INDIANS (§ 16*)—INDIAN LANDS—COAL LANDS—IMPROVEMENTS.

Where plaintiff leased certain Indian lands, which were subsequently set apart as coal lands, so that plaintiff selected her allotment quota elsewhere, she did not thereby forfeit such improvements on the leased land as belonged to her, and was entitled to regain possession in order to remove the improvements.

[Ed. Note.—For other cases, see Indians, Dec. Dig. § 16.*]

In Error to the United States Court of Appeals in the Indian Territory.

For opinion below, see 104 S. W. 824.

James S. Arnote, for plaintiff in error.

Wallace Wilkinson, for defendants in error.

Before SANBORN and HOOK, Circuit Judges, and AMIDON, District Judge.

HOOK, Circuit Judge. This was an action in unlawful detainer by Juanita Fisk, a Choctaw citizen by blood, to recover possession of a tract of land in the Choctaw Nation, Indian Territory, leased to one Moyers for five years from November 18, 1902, and by him sublet to defendants. The ground of action was that the tenancy came to an end December 31, 1904. The defenses were a denial of plaintiff's right of possession, that the relation of landlord and tenant did not exist, that plaintiff had filed on other lands in the Choctaw Nation, and was then holding, exclusive of that in controversy, all the law permitted her to hold, and that the land in controversy had been segregated by the Department of the Interior and set apart as coal land, and was therefore not subject to allotment to her. The plaintiff's request for a directed verdict at the conclusion of the evidence was denied. The trial court submitted to the jury the sole question whether defendants had performed the conditions of the lease, and the verdict was in their favor. The judgment upon the verdict was affirmed by the Court of Appeals in the Indian Territory. It was conceded that in 1903 the land had been segregated and set apart as coal land.

The sole compensation to the lessor reserved by the lease was that Moyers, under whom defendants held, should (1) construct a small house on the premises; (2) inclose the entire land with an eight-wire fence; and (3) put all of the land, except a 10-acre meadow, under cultivation, one half in 1902 and the other half in 1903. The new improvements were to remain on the land as the property of the landlord, and it was the intention of the plaintiff to select it as her allotment. The house and fence were not built as required, but the land was put in cultivation. This was undisputed. No time was expressly prescribed for the building of the house and fence, but it was contend-

ed by defendants there was no breach of the lease, because they had the entire term of five years for compliance with those conditions; and this seems to have been the view of the trial court. The stipulation in the lease that all of the land should be put in cultivation by the end of the second year at least fixes the limit of time for completing the inclosure, in the absence of any provision to the contrary. Besides this, the defendants repudiated all duty and responsibility under the lease. They asserted that it was void, that plaintiff had all the land she was entitled to, and that the land had been set aside as coal land by the Department of the Interior, and therefore to give plaintiff possession would be to enable her to commit an offense under the acts of Congress. This was the view which prevailed in the territorial Court of Appeals.

When defendants denied plaintiff's right in the land, and that any duty or obligation to her rested upon them, they broke their tenure, and their term came to an end. Sass v. Thomas, 82 C. C. A. 19, 152 Fed. 627, and cases cited. While saying they owed no duty under the lease, they were not in a position to say they had the full term thereof in which to perform its conditions. They could not require plaintiff to wait for her rights while they denied their existence. Again, whether plaintiff was then holding all the land that could be allotted to her under the law was a matter between her and the government. It may well be that, when the leased land was segregated and set apart as coal land, the plaintiff properly selected her quota elsewhere; but she would not thereby forfeit such improvements as belonged to her. It is claimed in the briefs that under the rulings of the department she continued to have such an interest in the segregated land as entitled her, not to allotment, but to possession until she was paid for her improvements; but, whether this is so or not, she was at least entitled to regain possession to remove them, and her remedy was by an orderly recourse to the courts against those who entered under the lease and thereafter repudiated their tenancy.

The judgment is reversed, and the cause remanded for a new trial.