INA TIFFANY, Respondent, v. TIMES SQUARE AUTOMOBILE CO., Appellant.

Kansas City Court of Appeals, March 3, 1913.

1. **Sale: Caveat Emptor: Representations:** If a dealer in automobiles is informed that a purchaser knows nothing of them and must depend altogether upon the dealer in getting one that will be suitable for the purposes disclosed, such purchaser may properly rely upon the representations of the dealer as to the quality of the machine.

2. **WRITTEN CONTRACT: Parol Evidence: Fraud.** The rule that the terms of a written contract cannot be varied by oral evidence does not prevent one from showing that the sale evidenced by the contract was induced by fraud.

3. ——: ——: **Fraudulent Inducement: Contract: Inquiry.** Where a written contract of sale of personal property recites that all conditions and representations are embodied in the paper, it will not prevent parol evidence showing fraudulent inducement to the sale. One cannot make a binding contract that his fraud cannot be inquired into.

Appeal from Jackson Circuit Court.—*Hon. Jos. A. Guthrie*, Judge.

AFFIRMED.

*Reed & Harvey* for appellant.

Parol evidence is not admissible to vary the terms of a written contract. The fraud which will defeat a written contract is fraud in the procurement of its execution; there is no claim or evidence of fraud of this character in the case at bar. Johnston v. Ins. Co., 93 Mo. App. 580; Burrows v. Altar, 7 Mo. 424; Girard v. Car Co., 123 Mo. 358; Och v. Railway Co., 130 Mo. 27; Crim v. Crim, 162 Mo. 544; Kaufmann v. Railway Co., 95 Mo. App. 459; Magee v. Verity, 97 Mo. App. 486; Caterlin v. Lusk, 98 Mo. App. 187; McNeely v. Baldridge, 106 Mo. App. 17; Paris Mfg. Co. v. Carle, 116 Mo. App. 581; Hendrix v. Vivion, 118 Mo. App. 417; Insurance Co. v. Winn, 125 Mo. App. 384.

*John C. Stearns* and *C. F. Mead* for respondent.

The question in this case is not one concerning the admission of parol evidence to vary the terms of a written contract as assumed in appellant's brief. By reason of the trust imposed in the appellant and of the fraud and deceit of the appellant's agent in misrepresenting the character of the machine sold, there was no valid sale in this case and the defendant had the right to rescind such sale. Cahn v. Reid, 18 Mo. App. 115; Jewelry Co. v. Withaup & Co., 118 Mo. App. 126; Equitable Mfg. Co. v. Waful, 131 Mo. App. 212; Phelps v. Jones, 141 Mo. App. 228.

ELLISON, P. J.—Defendant was a retail dealer in automobiles and sold one to plaintiff for eight hundred and fifty dollars. Plaintiff claims that her purchase was induced by the fraud and deceit practiced upon her by defendant's agent and that as soon as she discovered the fraud she offered to rescind and tendered the machine back and demanded the return of the purchase money. On defendant's refusal to rescind she instituted this action for the purchase price, setting up the fraud she claims was perpetrated upon her. She recovered judgment in the trial court.

The evidence shows that plaintiff knew nothing of the qualities of an automobile and that she so informed defendant's agent and told him the use she wanted to make of the machine she should purchase and that she would have to depend on him to furnish her what she desired. It further shows that the agent represented the machine to be fit for the purposes for which plaintiff wanted it. That it was a first class car and would meet all the requirements stated to him by plaintiff. That plaintiff then bought and paid for the car. That defendant's representations were false and fraudulent, the car being worthless, and that upon discovering the fraud she tendered it back and demanded the money she had paid.

The foregoing facts will justify the judgment and lead to an affirmance (Cahn v. Reid, 18 Mo. App. 1. c. 126, 130), unless prevented by the following additional consideration, which is the defense relied upon by defendant. At the time of the purchase defendant executed a bill of sale in these words: "1 second hand Royal Tourist car with new top and wind shield, 5 lamps, horn and generator, . . . $850," to which was appended the following written contract signed by both parties, viz.: "This instrument indicates the property purchased from the Times Square Automobile Company, by the undersigned vendee. It is the complete and entire contract between the parties, and no representations, warranties or conditions other than those appearing hereon will be binding upon either party.

Delivery of the property above described is hereby acknowledged to have been made to the undersigned vendee at the place of business of said Times Square Automobile Company."

Defendant insists that the evidence received by the court as to the purchase and of the fraudulent representations, was in violation of the fundamental rule that parol evidence will not be received to vary, alter or add to the terms of a written contract, citing: Johnston v. Ins Co., 93 Mo. App. 580, 589, 591; Och v. Railway Co., 130 Mo. 27, 43; and Crim v. Crim, 162 Mo. 544, 553.

We think the rule thus invoked does not apply to the case made by plaintiff. She has not added to or varied the terms of the contract. Nor does she charge, nor did she prove, that there was any fraud in getting her to sign the paper, nor does she desire to vary its terms. She knew its terms and that she was signing it. The fraud was in the representations of the character of the machine, a matter foreign to the writing. In Elgin Jewelry Co. v. Withaup & Co., 118 Mo. App.

126, 132, the St. Louis Court of Appeals, per GOODE, J., said:

"We do not understand the law to exclude oral evidence that the purchase of personal property was induced by fraudulent representations regarding its quality in actions for the price even if there was a written order or bill of sale. In an action on the contract, or some warranty of it, for damages for a breach, this might be the rule. But where the sale was rescinded for fraud and the rescission is interposed as a defense to an action for the price, testimony is received in proof of the fraud."

That statement was adopted by this court in Equitable Mfg. Co. v. Waful, 131 Mo. App. 211.

The words of the contract have full force and application as to representations, warranties and conditions culminating in a sale. But they do not mean that fraud should not be inquired into. One's written contract may be such as to show that fraud, as known to the law, has not been committed; but we think it would not be permissible for a party to make a binding contract that his fraud shall not be shown, any more than it would that his crime should be closed from view by the terms of a written paper.

The judgment is affirmed. All concur.