### NICKLE v. REEDER.

No. 7860—Opinion Filed July 24, 1917.

(166 Pac. 895.)

**1. Evidence—Parol Evidence Rule—Admissibility.**

The effect of evidence, introduced to show that a written contract was induced and obtained by material false and fraudulent representations is not to contradict or vary the terms of a written contract, but to show that the party entering into the contract was imposed upon, and that fraud was practiced in procuring the execution of said contract.

**2. Fraud—Actions—Basis.**

While ordinarily a statement upon which fraud may be predicated must be of existing fact, and not mere expression of opinion, a representation that the landlord will continue to rent a building for restaurant purposes to a purchaser of such restaurant so long as such purchaser may pay the rent in advance, when, at the time of making the representation by the seller, he has been duly served with notice to quit said premises, and has been notified by the landlord that such landlord would no longer rent said premises for restaurant purposes, such representation being relied upon and acted upon by the purchaser, and being shown to be

a material inducement for the purchase of said restaurant, amounts to actionable fraud.

(Syllabus by Rummons, C.)

Error from District Court, Oklahoma County; Edward Dewes Oldfield, Judge.

Action by J. S. Reeder against Charles Nickle. Judgment for plaintiff, and defendant brings error. Affirmed.

T. E. Robertson, for plaintiff in error.

Giddings & Giddings and J. T. Dortch, for defendant in error.

Opinion by RUMMONS, C. This is an action, originating in a justice of the peace court of Oklahoma county, to recover damages for fraudulent misrepresentations alleged to have been made by the plaintiff in error to the defendant in error, relied upon by the defendant in error, and inducing him to purchase from the plaintiff in error a restaurant stock and fixtures in the city of Oklahoma City. The parties will be referred to as they appeared in the court below. The defendant assigns but two errors as grounds for the reversal of the judgment of the trial court.

The first is that the court erred in admitting parol testimony as to the representations made by the defendant at the time plaintiff purchased the restaurant from the defendant, for the reason that the sale of the restaurant was evidenced by a written bill of sale, and that the evidence so admitted tended to contradict and vary the terms of such written instrument. The second assignment is that the court erred in overruling the defendant's demurrer to the evidence of plaintiff, and in overruling defendant's motion for an instructed verdict, because the evidence of plaintiff was insufficient to establish fraud upon the part of the defendant.

The plaintiff alleged and offered evidence to prove: That, at the time he was negotiating with the defendant for the purchase of such restaurant, the defendant stated to plaintiff that he, the defendant, was occupying the room in which said restaurant was situated under a lease from month to month, but that the landlord who owned the building had agreed that, in the event of a sale by the defendant, the purchaser could continue to occupy the building so long as he continued to pay the rent therefor in advance; while in truth and in fact, at the time such representations were made by the defendant, the landlord had already served notice upon the defendant to vacate said building at the expiration of the current month,

and such landlord had informed defendant that he would not rent said building for restaurant purposes. That the plaintiff relied upon such representation of the defendant, and believed the same to be true. That the defendant told plaintiff that he, the dedefendant, did not know the name of the landlord, but that said landlord was not in the city, but was absent in the state of New Mexico; while in truth and in fact the defendant knew the name of the landlord, and such landlord was in the city at the time such sale was consummated. That by reason of such false statements defendant was prevented from consulting the landlord about the terms of the lease and the continued occupation of the premises before he made the purchase. That the location of such restaurant was a material element in its value, and that the right to continue to occupy said building for restaurant purposes by the plaintiff was a material inducement to the purchase of such restaurant from the defendant.

It is contended by counsel for the defendant that the parol evidence offered by plaintiff as to the representations made was incompetent, as tending to vary the terms of the written bill of sale executed by the defendant. Unfortunately for the defendant, this court has held adversely to his contention. In the case of McLean v. Southwestern Casualty Insurance Company, 61 Okla. 79, 159 Pac. 660, it is said:

"The effect of the evidence introduced to show that a written contract was induced and obtained by material false and fraudulent representations is not to contradict or vary the terms of the written contract, but to show that the party signing the contract was imposed upon, and that fraud was practiced in obtaining his signature thereto; and such evidence is always admissible to show that contracts have been fraudulently obtained."

As to the second assignment of error, it is contended on behalf of defendant that the representation alleged to have been made by him does not amount to a statement of existing fact, but merely an expression of opinion as to the course of conduct with relation to the renting of said restaurant building that would probably be pursued by the landlord, and therefore such representation, even if made and untrue, did not amount to fraud. We are unable to agree with this contention of the defendant. Section 903, Rev. Laws 1910, defines fraud, among other things as:

"The suppression of that which is true, by one having knowledge or belief of the fact."

In the instant case the evidence of plaintiff discloses that the restaurant was advertised for sale by the defendant as being advantageously located, and that the plaintiff made inquiry of the defendant as to plaintiff's being able to continue in that location in the restaurant business. Defendant at that time had been duly served with a written notice to quit at the end of the month for which the rent had been paid, and had been notified by the landlord that the landlord would not continue to rent the room for a restaurant. The defendant not only suppressed this fact, but, on the contrary, advised the plaintiff that the landlord had agreed that any purchaser of the restaurant could continue to occupy it for restaurant purposes so long as the rent was paid in advance. We think this amounted, not only to the suppression of fact, but also to the representation as a fact of that which was not true, and was known not to be true by the defendant, and amounted to a fraud upon the plaintiff. McLean v. Southwestern Casualty Ins. Co., supra; Cooper v. Ft. Smith & Western Ry. Co., 23 Okla. 139, 99 Pac. 785; Howe v. Martin, 23 Okla. 561, 102 Pac. 128, 138 Am. St. Rep. 840; Garvin v. Harrel, 27 Okla. 373, 113 Pac. 186, 35 L. R. A. (N. S.) 862, Ann. Cas. 1912B, 744.

We therefore conclude that there is no merit in the assignments of error made by the defendant, and that the judgment of the trial court should be affirmed.

By the Court: It is so ordered.