## MILLER v. TROY LAUNDRY MACHINERY CO., Inc.

No. 25703.    Sept. 15, 1936.

Rehearing Denied Dec. 8, 1936.

Geo. W. Reed, Jr., for plaintiff in error.

Mills & Cohen, for defendant in error.

PHELPS, J.    This is an appeal by the plaintiff in the trial court, from an order sustaining defendant's demurrer to plaintiff's evidence, and rendering judgment for defendant on its cross-petition.

The petition in its original form sought damages caused by an alleged breach of defendant's oral warranty as to fitness and condition of a certain laundry machine pur-

chased by plaintiff from defendant under a conditional sales contract. The plaintiff had not yet completed payment of the purchase price. It appearing that the oral warranty or representation was at variance with the terms of the written contract of sale, and that therefore evidence thereof would be barred by the parol evidence rule, the plaintiff amended his petition so as to change his theory of recovery to that of fraudulent inducement to the signing of the contract, caused by the antecedent oral misrepresentation of the defendant's agent that the machine was in first class condition and would perform plaintiff's work satisfactorily. There is no contention by the defendant that the petition, as amended, did not set forth a cause of action in fraud; nor is there any contention that the evidence would not have supported findings of the various elements of fraud. The sustaining of the demurrer to plaintiff's evidence was based upon the assumption that the parol evidence rule prevents proof of fraud in the inducement to signing the contract when the representation causing the signing is at variance with the terms of the contract itself.

Plaintiff's evidence, and the reasonable inferences therefrom, authorize the following statement of facts. The plaintiff, owning a laundry, was approached by the agent of defendant and persuaded to buy a rebuilt laundry ironer from the defendant. The ironer was at the defendant's headquarters in Illinois, and the plaintiff never saw it before he signed the contract. The agent represented to him that the ironer was "in first class condition"; that it "would do much more work" than the ironer then in plaintiff's possession; that the ironer would enable plaintiff to get his "work out and get it out 'satisfactorily' and in first class condition". Plaintiff, in reliance upon these representations, signed the contract in question, obligating himself to pay some $4,000 for the ironer. The contract provided in part:

"This instrument constitutes the entire contract, the express intention of the parties hereto being to create between them, by means thereof, a contract of conditional sale. No waivers or modifications shall be valid unless written upon or attached to this contract, and said chattels are accepted without any express or implied warranties unless written hereon at the date of purchase. * * * Any part of this contract contrary to the law of any state shall not invalidate other parts of this contract in that state."

He made a cash down payment, and the ironer was shipped. The defendant then sent a draft on plaintiff, along with a bill of lading, to a local bank, and plaintiff honored the draft for $500 and signed another contract substantially identical with the first contract. Later the machine arrived and was installed by defendant's representive. It proved worthless, according to plaintiff's evidence, and several months of repeated efforts to make it work, by plaintiff and defendant, proved utterly fruitless. The plaintiff refused to make further payments on the note, offered to restore the machine to defendant, and defendant refused it. The plaintiff then filed this action to cancel the notes and the contract and to recover damages caused him by the aforesaid misrepresentation. The defendant filed an answer and cross-petition, setting up the contract and the notes, and prayed judgment on the notes against plaintiff. The execution of the notes was not denied, and when the court sustained the demurrer to plaintiff's evidence it entered judgment for the defendant on the notes.

It is important to emphasize in the beginning the precise question before us. The question is not whether a written contract may be varied or contradicted by an antecedent or coexisting express oral warranty. The parol evidence rule prohibits that. This is not that kind of action. This is an action in fraud, and the question is: Where plaintiff sues to rescind or recover damages, on the theory of fraud in inducing him to sign the contract, may he prove his case by evidencing oral representations at variance with the provisions of the written agreement, which oral representations were false, and induced him to his detriment to sign the contract, which he would not have signed but for the said misrepresentations?

By the great weight of authority this question must be answered in the affirmative. It must be admitted that this exception to the parol evidence rule is not one which commends itself to good reasoning on first impression. It has its weaknesses and it is for this reason, no doubt, that considerable confusion and diversity of decisions have resulted. It does not seem right that when in an action for breach of warranty one may not show an express oral warranty at variance with the written contract, he may relabel his action as one in fraud and thus escape the parol evidence rule, thereby doing the same thing under one theory that he could not do under the other theory. Nevertheless, such is the law, and the reasons for the rule, or

rather the exception, will be hereinafter set forth.

The basis of the exception is that the parol evidence rule should not be invoked as a shield for fraud, or be applied so as to work injustice. 10 R. C. L. 1056; 12 R. C. L. 429, 430. The general rule is stated in 27 C. J. 52, as follows:

"The fact that the transaction affected by fraud is evidenced by writing does not prevent the introduction of parol evidence as to the fraud, the attack of a written instrument for fraud being a well-recognized exception to the general rule. * * *"

The cases of Hooker v. Wilson, 69 Okla. 43, 169 P. 1097; American Bankers Ins. Co. v. Hopkins, 67 Okla. 150, 169 P. 489; Nickle v. Reeder, 66 Okla. 10, 166 P. 895; McLean v. Southwestern Casualty Ins. Co., 61 Okla. 79, 159 P. 660; Shuler v. Hall, 42 Okla. 325, 141 P. 280; Cooper v. Ft. Smith & W. Ry. Co., 23 Okla. 139, 99 P. 785; Colonial Jewelry Co. v. Jones, 36 Okla. 788, 127 P. 405, and Smith & Co. v. Thesmann, 20 Okla. 133, 93 P. 977, 15 Ann. Cas. 1161, support the following general statement from 22 C. J. 1215:

"It is well established that, as fraud vitiates everything it touches, parol evidence is always admissible to show, for the purpose of invalidating a written instrument, that its execution was procured by fraud, or that, by reason of fraud, it does not express the true intention of the parties. The rule in this respect is not rendered inapplicable by the fact that the writing contains a recital to the effect that all agreements between the parties are contained therein, or a provision that no verbal agreements affecting its validity will be recognized."

Our decision in Hooker v. Wilson, 69 Okla. 43, 169 P. 1097, set forth that:

"Fraud and deceit always may be timely raised and vitiate every contract into which they are injected, and destroy the validity of everything into which they enter, and the party guilty cannot hide behind a contract procured in the general scheme of his misconduct with the assertion that all representations, whether false or otherwise, made previous to a written contract, are merged therein. If so, one guilty of fraud might relieve himself of that act by means of his artifice in obtaining another contract, or by reducing certain parts of a fraudulent contract to writing, and thus escape the penalty of his misconduct. A party, upon the discovery that fraud and deceit has been practiced upon him and that he has suffered damage by reason thereof, may go into court and raise this issue, and in support thereof offer all direct and circumstantial evidence from the inception of such fraudulent designs, whether made anterior or subsequent to the execution of a written contract secured from him in futherance of fraudulent designs, so long as he does not, with knowledge of the fraud practiced upon him, ratify and affirm such contract."

Though one may be tempted at first to the belief that such oral representations as would serve as a basis for proving fraudulent inducement should be only such representations as relate to matters not specifically covered by the contract, such is not the law. The rule is that even though the representation is directly contradictory to the contract provisions, it may nevertheless be shown in evidence in a fraud action, despite the parol evidence rule. This is for the reason that such provisions are often inserted in written contracts for the very purpose of securing from the vendee or buyer, in advance, a waiver of the seller's fraud, or an estoppel against the buyer to show the fraud of the seller. It was pointed out in Edward Thompson Co. v. Schroeder, 131 Minn. 125, 154 N. W. 792, that if the usual provision in written contracts to the effect that the instrument contains the entire agreement of the parties should be given the effect of excluding a fraudulent misrepresentation in the inducement, it would logically follow that a written contract containing a clause, "this contract was not procured by fraud," would equally estop a defrauded party from showing the fraud, however gross the fraud may have been. The exception is also founded upon the principle that one will not be permitted to escape the consequences of his fraud by hiding behind his instrument secured by such fraud; that if the fraud is in fact shown, then the instrument never existed in law, making it result in this: that even the provision itself, excluding extraneous representations, never existed in law. The Missouri court, in Tiffany v. Times Square Automobile Co., 168 Mo. App. 729, 154 S. W. 865, pointed out that a party should not be permitted to make a binding contract that his fraud shall not be shown, any more than he would be permitted to contract that his crime should be closed from view by the terms of a written instrument. It was stated in Bridger v. Goldsmith, 143 N. Y. 424, 38 N. E. 458, that if fraud in the inducement actually existed, then the written instrument is a mere device of the guilty party to shield himself from the result of his fraud, and that therefore such written in-

strument could not well be elevated to the dignity and importance of an estoppel. It was further said that public policy and morality are both ignored, if such an agreement can be given effect in a court of justice. An excellent annotation on this question, setting forth the general rule as herein announced, appears at 10 A. L. R. 1472.

The exception to the effect that the parol evidence rule is not to be invoked against proof of fraud in the inducement was announced in the early Oklahoma case of Sass v. Thomas, 6 Ind. Terr. 60, 89 S. W. 656, 11 L. R. A. (N. S.) 260, affirmed in 152 Fed. 627, 82 C. C. A. 19. It was reannounced in Hooker v. Wilson, supra, and in all of the decisions of this court cited above. It was again recently announced in Dusbabek v. Bowers, 173 Okla. 53, 43 P. (2d) 97, 47 P. (2d) 141, which decision correctly included, as one of the actionable fraudulent inducements, the misrepresentation that the written agreement contained the oral agreement. That decision observed that where one party falsely represents to another party that the writing includes the oral agreement, and the other party is thereby induced to sign the writing without reading it, that that itself is a trick, an artifice which is fraud. This was contrary to the holdings of this court in several prior decisions rendered from time to time during the course of the years. Those decisions proceeded on the assumption that that particular kind of fraud was not the kind of fraud which the signer could rely upon in voiding the instrument.

Fraud in the inducement may consist of representations on matters entirely disconnected with the subject of the contract, or it may consist in matters related thereto. It may consist of a representation that the written agreement contains the oral understanding of the parties, which representation induces the other party to sign the contract without reading it, as in Dusbabek v. Bowers, supra. Another form of inducement is the making of representations related to the subject-matter of the contract which are in addition to the provisions of the contract, or in direct contradiction of those provisions, but which do not induce the signer to forego reading the contract, as in Hooker v. Wilson and our other decisions, supra. A comprehensive review of the digests reveals that if the other elements of fraud are present, the well-considered cases do not make any substantial distinction between the aforementioned classes of misrepresentation. If the seller purposely induces the failure to read the contract by the misrepresentation that it contains the agreement of the parties, the negligence of the signer in failing to perceive the misrepresentation is little greater than his negligence in a case where he reads the contract and fails to detect the designed absence therein of an extraneous oral representation of the seller. In both cases there is fraud of the seller and negligence of the buyer. In the second syllabus of J. B. Colt Co. v. Thompson, 114 Okla. 61, 242 P. 1030, this court held that the failure of the buyer to read the contract would prevent him from showing, as the basis of a fraud defense, the false representation of the seller that the contract set forth the agreement. We held to the exact contrary in the recent case of Dusbabek v. Bowers, 173 Okla. 53, 43 P. (2d) 97. See sixth syllabus thereof. We now announce that the second syllabus of J. B. Colt Co. v. Thompson, supra, is overruled, to the extent that it conflicts with the later holding in Dusbabek v. Bowers, supra, on this particular point. Similarly, and for the same reason, to the extent that they conflict with this decision and with Dusbabek v. Bowers, supra, the following are expressly overruled, as being a misapplication of the rule to fraud cases: McCain v. J. B. Colt Co., 139 Okla. 178, 281 P. 769; dictum to that effect in the third syllabus of McNinch v. Northwest Thresher Co., 23 Okla. 386, 100 P. 524, 138 Am. St. Rep. 803; and any other decisions contrary hereto on this point in fraud cases, though not listed herein.

We deem it unnecessary to further enlarge upon the many citations of authority contained in the recent decision of Dusbabek v. Bowers, supra, to the effect that if fraud is actually shown, the negligence of the defrauded party in failing to read the contract, or in failing to perceive the absence of the oral representation, becomes immaterial. See, also, Viking Refrigerators, Inc., v. McMeachin, 145 Okla. 76, 291 P. 521; Berry et ux. v. Stevens, 168 Okla. 124, 31 P. (2d) 950.

In order that further confusion on this question may be avoided the following partial classification concerning some of our former decisions may be helpful. Citations of said decisions should be restricted to the points involved. In the following cases the parol evidence rule was correctly held to apply, for the reason that no fraud was alleged or involved: Mountcastle v. Miller, 66 Okla. 40, 166 P. 1057; Frickel v. Norval & Dial, Inc., 118 Okla. 41, 246 P. 381; J. B. Colt Co. v. Florence, 128 Okla. 14, 261 P. 142;

Wichita Flour Mills Co. v. Guymon Equity Exchange, 150 Okla. 245, 1 P. (2d) 657; Norris v. Richards, 105 Okla. 269, 232 P. 796. The following decisions recognized the general rule as herein announced, but correctly denied relief to the party claiming fraud, because of failure of evidence to establish fraud: Bell Motor Co. v. Harp, 98 Okla. 122, 224 P. 343; Hollister v. Nat. Cash Register Co., 55 Okla. 214, 154 P. 1157; Rock v. Fisher, 115 Okla. 53, 241 P. 496.

There are many decisions on the question of whether such representations as are involved in this case constitute actionable fraud. It is unnecessary to discuss those cases. The machine in this case had never been seen by the purchaser when he signed the contract. In Martinson v. Hamil, 132 Okla. 70, 269 P. 255, we held that a representation concerning the quality of property may be the basis of fraud in the inducement to contract. Furthermore, exactly the same character of representation as is involved in the instant case (concerning "first class condition"), was deemed sufficient in Dusbabek v. Bowers, supra.

The defendant urges that because of the express warning in the contract, it should not be bound by these oral misrepresentations of its agent, who was exceeding his authority. This contention has been denied in a number of decisions from this court, including Berry et ux. v. Stevens, 168 Okla. 124, 31 P. (2d) 950. See, also, Restatement of the Law of Agency, section 259, to the effect that: "A transaction into which one is induced to enter by reliance upon untrue and material representations as to the subject-matter, made by an agent intrusted with its preliminary or final negotiations, is subject to rescission at the election of the person deceived."

To establish fraud it must generally be shown that a material false representation was made, that the speaker knew of its falsity or made it recklessly as a positive assertion without knowledge of its truth, that the speaker intended that the person addressed should act thereon, and that the person so addressed did act thereon to his damage. Stafford v. McDougal, 171 Okla. 106, 42 P. (2d) 520. The plaintiff's evidence, together with the reasonable inferences to be drawn therefrom, would have satisfied these requirements. In spite of the fact that fraud must be sustained by a preponderance of evidence so great as to overcome all opposing evidence, repelling every opposing presumption of good faith (Hembree v. Douglas, 169 Okla. 403, 37 P. (2d) 314) the fact remains that the defendant, had the trial progressed, may have introduced no evidence at all, in which case plaintiff's evidence would have established at least a prima facie case. Had the basis of plaintiff's action been mere breach of warranty, the parol evidence rule, and its corollaries, would have barred recovery and the action of the trial court in sustaining the demurrer would have been correct. It is conceded by all the parties, however, that the action as it finally stood was founded on fraud, which creates an exception to that rule. The judgment is reversed and the cause remanded, with directions to grant a new trial.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BAYLESS, WELCH, CORN, and GIBSON, JJ., concur. BUSBY, J., absent.