Robert G. **BOREN**, Appellee,

v.

Leah Dawn **KIRK**, Appellant.

No. 80833.

Supreme Court of Oklahoma.

July 19, 1994.

---

**19.** 844 P.2d 487 (Wyo.1992).

**20.** *Howton v. State Farm Mut. Auto. Ins. Co.,* 507 So.2d 448, 450–51 (Ala.1987).

Robert G. Boren, Oklahoma City, for appellee.

George H. Ramey, Oklahoma City, for appellant.

WATT, Justice:

## SUMMARY OF FACTS AND PROCEDURAL HISTORY

Appellant, Leah Dawn Kirk ("client"), hired appellee, Robert G. Boren ("lawyer"), to represent her in a divorce/custody/support action. The contract for employment required, and the client paid, a $750.00 retainer, which was to be credited against the hourly rate of $125.00 for the lawyer's services. The contract also provided, among other things, that the client "will receive a detailed summary of all legal fees and costs on a monthly billing statement...." Client received her first bill five months after the contract was signed. The bill indicated that the retainer funds had been depleted and that client owed lawyer additional money.[1] Client refused to pay the bill.

Lawyer brought a small claims action for breach of contract in the amount of $918.75. Client filed a motion to transfer from the small claims division, and a counterclaim alleging lawyer breached the employment contract. The district court sustained client's motion to transfer the cause to the civil trial docket. Client answered lawyer's allegation by asserting, *inter alia*, that lawyer breached the contract by failing to send her a billing statement for five months. She also argued

---

1. Client claimed she received her first bill on or about February 1, 1992, in the amount of $643.75. She received two subsequent bills in March and April, the later of which reflected a cumulative amount due of $918.75.

that lawyer's fees were unreasonable. In her counterclaim, client alleged, among other things, that lawyer breached the contract by "transferring representation" of the case to another lawyer in violation of the implied terms of the contract and against her specific instructions. Lawyer filed motions for summary judgment on both his suit and client's counterclaim, which the trial court granted.

On appeal, the Court of Appeals affirmed the trial court's grant of summary judgment. The appellate court mentioned, but did not specifically address client's argument that lawyer breached the employment contract by failing to send her a monthly billing statement for five months. Rather, the court disposed of client's argument as if it was strictly an attack upon the *reasonableness* of the fees charged. The appellate court held that the trial court was in a position to determine whether the fees were fair and equitable, and affirmed the trial court's holding that the fees were, in fact, reasonable. With respect to client's counterclaim, the appellate court ruled that the record was devoid of any evidence that client requested only lawyer to work on her case. Finding that no material facts were in dispute, the Court of Appeals held that lawyer was entitled to judgment as a matter of law. This Court granted client's petition for writ of certiorari on March 23, 1994, to determine whether material facts remain in dispute.

## ISSUES

The questions to be decided in this proceeding are whether the trial court erred in granting lawyer's two summary judgment motions. We hold that issues of material fact remain in dispute with respect to both lawyer's cause of action and client's counterclaim. Accordingly, the trial court's grant of summary judgment on both claims is reversed and remanded for further proceedings.

## DISCUSSION

The law of summary judgment was succinctly set forth in *Hargrave v. Canadian Valley Elec. Co-op., Inc.,* 792 P.2d 50 (Okla. 1990). There, we held:

Summary judgment is a procedural device used to reach a final judgment where there is no dispute as to any material facts. The trial court may look beyond the pleadings to evidentiary material to determine whether any issue remains for jury determination. The court may consider evidence outside the pleadings such as depositions, admissions, answers to interrogatories and affidavits. All inferences in the evidence must be taken in favor of the party opposing the motion. Summary judgment is improper if under the evidence, reasonable men could reach different conclusions from the facts. The moving party has the burden of showing that there is no substantial controversy as to any material fact. After this showing, the opposing party must demonstrate that existence of a material fact in dispute which would justify a trial. These burdens of proof may be met by circumstantial evidence.

*Id.* at 55 (citations omitted). For purposes of summary judgment, "[a] fact is 'material' if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties." *Hadnot v. Shaw,* 826 P.2d 978, 985 (Okla.1992). With these directives in mind, we address separately the two summary judgments rulings at issue.

(A) Lawyer's Action for Breach of Contract

■ Client asserts on certiorari, as she did in the trial court and on appeal, that lawyer breached the employment contract by failing to send her the monthly billing statements required under the contract. Client argues that lawyer's failure to issue timely statements deprived her of the opportunity to review lawyer's monthly legal fee charges and costs in relation to the work he performed. Had she received such statements as required by the contract, client asserts that she would have been provided an opportunity, after reviewing all fee charges, to discharge lawyer and avoid incurring additional charges.

Whether the fees charged by lawyer were reasonable and whether lawyer breached the employment contract by failing to provide

the required monthly statements are two wholly different issues. Client raised both claims as affirmative defenses to lawyer's action. The lower courts addressed only the "reasonableness" defense. However, the issue of whether lawyer committed a breach of contract remains a disputed fact which, if proven, would have the effect of establishing client's defense or refuting one of the essential elements of lawyer's cause of action. *Hadnot,* 826 P.2d at 985.[2] Because there is a dispute as to a material fact, the trial court erred in granting summary judgment for lawyer on his cause of action. The resolution of disputed questions in a contract action must come from a jury properly instructed on the applicable law. *Gordon v. Clabaugh,* 331 P.2d 930, 934 (Okla.1958); *Ohio Fuel Co. v. McKain,* 103 Okla. 121, 229 P. 414, 416 (1923).[3]

### (B) Client's Counterclaim

■ Client made two allegations in her counterclaim, both of which were rejected by the lower courts. Client raises only one of the allegations in her petition for certiorari. Therefore, we shall not consider the second allegation raised below. *Ford v. Ford,* 766 P.2d 950, 952 n. 1 (Okla.1988) ("The only issues properly tendered for our review are the issues presented in the petition for certiorari").

The one properly preserved issue raised by client is that lawyer breached the employment contract by "transferring representation" of her case to another attorney. That other attorney was an associate employed full-time by lawyer in lawyer's firm who assisted with legal work in connection with client's case. Client admits that she did not, at the time the contract was executed, specifically advise lawyer that no one else in his

firm should work on her case, but contends that sole representation by lawyer was implied in the agreement. She also asserts that four months after work began on her case, she telephoned the associate and informed him that she no longer wanted anyone other than lawyer to conduct work on her case. Notwithstanding, the associate continued to work on client's case, attending a settlement conference and conferring with client. Client apparently did not raise this issue again until she filed her counterclaim. Lawyer maintains that client never informed him that only he should work on her case.

Contrary to the findings of the Court of Appeals, the evidentiary material does include client's allegation that she advised the associate that no one other than lawyer should work on her case. Lawyer denies knowledge of any such instruction by client. Under these circumstances, the issue of whether client contracted for sole representation by lawyer is a disputed material fact. Our conclusion is bolstered by the language of the employment contract itself. Although the words **"LAW OFFICES OF ROBERT G. BOREN"** are included at the end of the agreement above the signature line, the contract begins with the statement "This agreement is between Robert G. Boren, hereafter called the Attorney, and Leah Dawn Kirk, hereafter called the Client." No where in the agreement is it mentioned that any attorney other than lawyer would work on client's case. We are fully aware that attorneys in the same firm commonly work on cases together and that the same is *ethically* permissible absent a contrary request by the client.[4] In the present case, however, there exists a question as to whether client contracted solely with lawyer and whether client specifically

---

**2.** "It is an elementary principle of the law of contracts that in order to recover upon a contract, the contractor complaining of his contractee's non-performance must first establish his own performance or a valid excuse for his failure to perform." *Miller v. Young,* 197 Okla. 503, 172 P.2d 994, 995 (1946).

**3.** Because this issue warrants reversal of lawyer's summary judgment on his cause of action, we need not address client's other arguments advanced in favor of reversal.

**4.** The Comment to Rule 1.6 of the *Rules of Professional Conduct,* 5 O.S.1991, Ch. 1, app. 3A, states, *inter alia:*

> Lawyers in a firm may, in the course of the firm's practice, disclose to each other information relating to a client of the firm, unless the client has instructed that particular information be confined to specified lawyers.

instructed that no other attorney work on her case.

Reasonable people could reach different conclusions from the facts presented. *Hargrave,* 792 P.2d at 55. The trial court erred in granting lawyer summary judgment on client's counterclaim.

## CONCLUSION

Client has pleaded an affirmative defense and a counterclaim, supported by evidentiary materials, which contradict lawyer's claim/defense. The facts supporting her assertions, if proven, "would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties." *Hadnot,* 826 P.2d at 985. Finding that material facts remain in dispute, we hold that the trial court erred in granting summary judgment for lawyer in both causes of action.

Certiorari previously granted. The opinion of the Court of Appeals is vacated. The judgment of the district court is reversed and remanded.

OPALA, ALMA WILSON, KAUGER and SUMMERS, JJ., concur.

HODGES, C.J., LAVENDER, V.C.J., and SIMMS and HARGRAVE, JJ., dissent.