REIF, J.:
 

 ¶ 1 This case concerns a dispute between Green Meadow Realty Co. (Realtor) and Roger and Mary Gillock (Owners) over Realtor's right to a commission. The trial court and Court of Civil Appeals resolved this dispute in favor of Realtor on the basis of the summary judgment record presented by the parties. Both courts found Owners were bound by an addendum to the listing agreement, even though it contained different terms than Realtor allegedly agreed to. The dispositive issue on certiorari review is whether summary judgment was proper under the record presented. We hold summary judgment was not proper.
 

 ¶ 2 Summary judgment is improper if under the evidence, reasonable minds could reach different conclusions from the facts.
 
 Boren v. Kirk
 
 ,
 
 1994 OK 94
 
 , ¶ 5,
 
 878 P.2d 1059
 
 , 1061 (citation omitted). On review, all inferences in the evidence must be taken in a light most favorable to the party opposing the motion.
 

 Id.
 

 ¶ 3 The controversy over the commission stemmed from a sale of the listed property to certain buyers that Owners believed were excluded from the listing agreement. It is undisputed that an addendum to the listing agreement provided that a sale to the buyers in question would be "reserved until June 5, 2014 (6/5/14) with a 3% listing commission." It is also undisputed that the sale to the "reserved" buyers occurred outside this time period. Furthermore, Owners admitted they signed the addendum.
 

 ¶ 4 Owners nonetheless maintain that they did not knowingly agree to the "reservation." Owners assert they asked for a complete exclusion and that they signed the addendum without reading it based on statements by Realtor's agent. According to Owners, Realtor's agent said "she would do it (i.e., the requested exclusion)" and told them the addendum set forth "your exclusion."
 

 ¶ 5 In determining whether reasonable minds could differ over the actions and intent of the parties, two further facts are of consequence.
 

 *247
 
 First, the subject and terms of excluding a sale to the buyers in question were proposed by Owners, not by Realtor or its agent. According to Owners, Realtor's agent agreed to
 
 their
 
 requested exclusion and did not indicate that the agent "can't give you the exclusion for the whole time." Second, Realtor's agent prepared the addendum and when she presented it to Owners affirmatively represented that it reflected "
 
 your
 
 exclusion."
 

 ¶ 6 Viewing this evidentiary material in a light most favorable to Owners reveals that reasonable minds could conclude that Realtor's agent (1) orally agreed to Owners' request and terms for the exclusion, (2) undertook to draft an addendum to reflect the oral agreement, (3) intentionally deviated from the oral agreement by substituting terms that were never discussed, (4) did not disclose this deviation and (5) affirmatively misrepresented that the addendum reflected the exclusion proposed by Owners. Where one party falsely represents to another party that the writing includes the oral agreement, and the other party is thereby induced to sign the writing without reading it, that is a sufficient trick, artifice and fraud to support a claim of fraud in the inducement.
 
 Silk v. Phillips Petroleum Co.
 
 ,
 
 1988 OK 93
 
 , ¶ 25,
 
 760 P.2d 174
 
 , 178, citing
 
 Miller v. Troy Laundry Machinery Co.
 
 ,
 
 1936 OK 513
 
 , ¶ 11,
 
 178 Okla. 313
 
 ,
 
 62 P.2d 975
 
 , 978. The misrepresentation that the written contract contains the parties' prior oral agreement must be "expressly made" and be "contemporaneous with the signing of the instruments."
 

 Id.
 

 If proven, such fraud will provide a defense to Realtor's claim for a commission as well as support a counterclaim for damages.
 

 ¶ 7 The trial court and Court of Civil Appeals regarded Owners' failure to read the addendum when presented with it to be dispositive. While this is certainly important, it is just one of many facts to be considered and weighed by the trier of the fact. Ultimately, the communications and conduct of the parties with respect to the addendum must be judged in the totality of the circumstances surrounding its creation.
 

 ¶ 8 In
 
 Boren v. Kirk
 
 ,
 
 1994 OK 94
 
 ,
 
 878 P.2d 1059
 
 , a client contended that she instructed the lawyer she hired to be the sole lawyer to work on her case, while the lawyer maintained he received no such instruction. This Court held this controversy precluded summary judgment on client's breach of contract claim. The conflicting positions and evidentiary materials of the parties in the case at hand pose a comparable controversy that would preclude summary judgment on Realtor's claim for a commission.
 

 ¶ 9 In addition to resolving Realtor's claim for a commission, the trial court also granted Realtor summary judgment on Owners' counterclaims. Owners alleged Realtor (1) breached the parties' contract, (2) committed fraud, and (3) tortiously interfered with the "excluded" sale by filing a false mechanics lien against the property. The Court of Civil Appeals affirmed the summary judgment on Owners' first two counterclaims but reversed as to the tortious interference claim.
 

 ¶ 10 On certiorari review, we reverse the summary judgment in toto. The same facts and inferences that support Owners' fraud in the inducement defense are relevant to resolving all of the counterclaims as well.
 

 CERTIORARI PREVIOUSLY GRANTED; OPINION OF THE COURT OF CIVIL APPEALS VACATED; TRIAL COURT'S GRANT OF SUMMARY JUDGMENT REVERSED IN TOTO.
 

 KAUGER, J., not participating.
 

 COMBS, C.J., GURICH, V.C.J., WINCHESTER, EDMONDSON, COLBERT, REIF, WYRICK, and, DARBY, JJ., concur.