## COOK v. TANNERY.

No. 13748—Opinion Filed March 17, 1925.

**Bills and Notes—Holder in Due Course—Prima Facie Case.**

Under the provisions of Comp. Stat. 1921, section 7715, the negotiation of an instrument by indorsement without date establishes prima facie that it was negotiated before maturity, and one who denies that the holder of such instrument is a holder in due course has the burden of proof. This burden is not discharged by mere proof of demand for payment one day after maturity.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from County Court, Okmulgee County; Hugh Murphy, Judge.

Action by Stiles S. Tannery against H. C. Cook to recover on a promissory note. Judgment for plaintiff, and defendant brings error. Affirmed.

This proceeding had its inception in a justice court where plaintiff, Tannery, recovered judgment. Defendant, Cook, appealed to the county court, where judgment again went against him. It seems that on July 16, 1921, Cook executed the note sued on in the sum of $160 payable to W. H. Fordyce and due August 5, 1921. July 19, Fordyce sold and transferred the

note to Tannery for $140. August 16, 1921, Cook paid Tannery $25 on the note, and thereafter refused further payment. This action was thereupon commenced.

Defendant's answer admitted execution of the note, but denied that plaintiff took the same before maturity and pleaded specially a failure of consideration. At the close of all the testimony the court sustained plaintiff's motion for a directed verdict, and the case has been brought to this court by petition in error with case-made attached for review. The parties will be hereafter referred to as plaintiff and defendant, respectively, as they appeared in the trial court.

William C. Alley, for plaintiff in error.

H. S. Samples, for defendant in error.

Opinion by LOGSDON, C. There is only one question to be determined in order to dispose of this case, and that is, Was plaintiff a holder of the note in due course, for value and before maturity? The burden of proof rested on defendant upon this issue. Comp. Stat. 1921, section 7715. To sustain this burden defendant testified on direct examination:

"Q. Do you know whether or not Tannery had any knowledge of the transaction involving the transaction of this note prior to the time he purchased the note? A. I don't know; I believe he did. I know that Scott told me. * * * Q. You know any other facts in reference to the purchase of this note from Fordyce to (by) Tannery? A. Only what was said to me. Q Who said it? A. Scott. Q. Was Tannery present? A. No. Q. Did you ever have any conversation with Fordyce prior to the purchase of this note (by Tannery) in which you discussed this deal, in which Tannery was present? Q. No, I didn't Tannery told me he contemplated buying it. Q. When was that? A. That was on the 6th of August, I think. Q. He told you on that date he contemplated buying it? A. He asked me if I could take it up, and I told him not at that time. I asked that the note be extended, first for 30 days, and then asked for 10 days' additional time. He and Fordyce and Scott all three came to my office and I told them I couldn't give but $25 that day." (C.-M. pp. 51, 52.)

This is all of the testimony introduced or offered by defendant to overcome the statutory presumption that plaintiff is a holder in due course. It is wholly insufficient for this purpose. The credit for $25 shown on the note bears date of August 16, and defendant elsewhere in his testimony stated that the payment was made

on that date. No issue of fact was presented by this testimony, as it does not conflict with the prima facie case made out by plaintiff when he introduced the note in evidence. But in addition to his prima facie case plaintiff testified positively to the purchase of the note for value, before maturity, and without notice of any defense. This justified the trial court in sustaining the motion for directed verdict.

The judgment of the trial court should be in all things affirmed.

Plaintiff has filed in this court his motion for judgment on the supersedeas bond, and under Rule 11 (87 Okla. xx) of this court said motion should be sustained. The judgment of the trial court was entered January 24, 1922, and was for $135 principal, $5.60 interest, $16 attorney's fees, and costs taxed at $22.30, making a total of $178.90.

It is therefore ordered, adjudged, and decreed by this court that plaintiff, Stiles S. Tannery, do have and recover of and from John P. Cook and Fred Martin, sureties on the supersedeas bond filed herein, judgment in the sum of $178.90, together with interest on $140.60 thereof at the rate of 8 per centum per annum from January 24, 1922, and for all costs in this court. Journal entry of such judgment may be prepared in conformity herewith.

By the Court: It is so ordered.

Note.—See under (1) C. J. p. 981, § 1289; p. 1048, §1358.