### SHARP v. MEYERS.

No. 28067.　March 22, 1938.

Rehearing Denied April 5, 1938.

Rex H. Holden and Wm. O. Coe, for plaintiff in error.

Floyd Yarbrough, for defendant in error.

CORN, J. This is an appeal from a judgment rendered by the district court of Osage county in an action upon a promissory note. The parties appear here as in the trial court and will be referred to as plaintiff and defendant.

April 4, 1935, plaintiff filed an action in the justice of the peace court, alleging: That on February 19, 1932, defendant executed the note in question, in the amount of $89.40, to the Republic Life Insurance Company, payment to be in monthly installments; that the note was sold to plaintiff for a valuable consideration, before maturity; and asking judgment thereon for the amount of the note and $8.94 attorney's fee.

The defendant's answer denied the instrument, saying that if signed by him it was procured by fraud. He denied receiving any consideration, and denied that the note was transferred to the plaintiff before maturity for a valuable consideration so as to constitute the plaintiff a holder in due course.

From an adverse judgment, the plaintiff appealed the case to the district court of Osage county, the matter standing for trial February 7, 1935. The plaintiff offered testimony of the defendant, who admitted the signature on the note to be his. The plaintiff's deposition was then put in evidence wherein the plaintiff testified: That he purchased the note from the original payee on March 18, 1932; that the indorsement "Republic Life Agency." followed by his own signature, was his own trade name at the time of purchase, and that he had no knowledge of any defects or infirmities in the instrument.

The defendant's evidence was directed toward showing that the life insurance policy, for which the note was allegedly given in payment, was returned shortly after the note was made; that the insurance company

376

had written him several times demanding payment; that some time after they quit writing him the plaintiff wrote him that he had the note for collection. This testimony was corroborated by defendant's wife and employer.

At the close of the testimony the plaintiff moved for a directed verdict, which motion was overruled by the court, and the case was submitted to the jury under instructions, and the jury thereupon returned a verdict for the defendant, upon which the court rendered judgment.

The plaintiff complains only of the trial court's refusal to direct a verdict for the plaintiff, upon the theory that he was a holder in due course, and for the defendant to defeat recovery it was necessary to prove that plaintiff did not so purchase the note, or that he had actual knowledge of the equities existing in favor of the defendant at the time of purchase, and failing to prove this, the plaintiff was therefore entitled to a directed verdict.

The plaintiff's case is bottomed upon the proposition that, where there is no question of negotiability, and the maker offers proof to show defective title of the original payee, the burden is then placed upon the holder to establish that he is a holder in due course. Basing his argument upon this, the plaintiff says that the uncontroverted evidence showed him to have acquired the note before maturity, without knowledge of any defects, that this overbalanced the defendant's proof, and that the trial court therefore erred in denying his motion for a directed verdict, there being a total absence of evidence on defendant's behalf to show the plaintiff was not a purchaser in good faith.

The defendant produced testimony, wholly uncontroverted by the plaintiff, that the original payee made several demands for payment before the plaintiff apparently entered into the matter. If this was not true, the plaintiff had ample opportunity to destroy the force of this testimony by introducing evidence of the officials of the insurance company as to how and when this note was sold to the plaintiff. Moreover, the plaintiff did not attempt to refute the evidence that he had communicated to the defendant as to the fact that he had this note for collection.

The presumption indulged the plaintiff as to his being a holder in due course under section 11358, O. S. 1931, thereupon gave way in the face of this evidence, and the burden then passed to the plaintiff to prove

he was a holder in due course. Voss v. Smith, 98 Okla. 90, 224 P. 328; Lambert v. Smith, 53 Okla. 606, 157 P. 909; and Moore v. First Nat. Bank of Iowa City, 30 Okla. 623, 121 P. 626. The very failure of the plaintiff in this respect tended to destroy the plaintiff's case.

Full consideration of the record discloses that the evidence of the plaintiff by which he sought to show his good faith in taking this note was clearly such that reasonable men of ordinary intelligence, comparing his evidence with the conflicting evidence of the defendant, might well draw different conclusions. The plaintiff's explanation of how and when he took possession of the note, compared to the uncontradicted testimony of the defendant in regard to the note and the demands for payment that were made, was highly unsatisfactory.

This court has held that where a defendant denies the facts, and the plaintiff's evidence is of such a nature that ordinary men might draw different conclusions, the defendant does not have to offer evidence in rebuttal to disclose that the plaintiff was not a holder in due course, and that it is not error for a trial court to refuse to direct a verdict for the party claiming to be a holder in due course. See Messman v. Wilt, 91 Okla. 240, 217 P. 412; reaffirmed in Beesley v. Wm. A. Nicholson Co., 148 Okla. 270, 298 P. 607.

The defendant introduced his evidence to show that title to this note was defective, and the plaintiff, to refute this, only made a showing that he bought before maturity, in good faith. The conflicting evidence then raised an issue for the jury to decide, and they decided the matter against the plaintiff, the verdict was approved by the trial court, and this court is bound by that judgment.

Judgment affirmed.

BAYLESS, V. C. J., and PHELPS, GIBSON, and HURST, JJ., concur.