## SHARP v. YOUNG.

No. 28124.   April 5, 1938.

Rehearing Denied May 3, 1938.

Rex H. Holden, Wm. O. Coe, and R. B. Holtzendorff, for plaintiff in error.

Thomas P. Holt, for defendant in error.

GIBSON, J.   The district court of Pontotoc county rendered judgment, without a jury, for defendant, Ivan J. Young, in an action on a promissory note, and the plaintiff, H. H. Sharp, has appealed.  The parties will be referred to as they appeared at the trial.

Defendant charges that there was no consideration for the note, and that the plaintiff was not an innocent purchaser thereof for value (sections 11351, 11354, O. S. 1931).

The note was executed by defendant in payment of premium on a life insurance policy to be issued by Republic Life Insurance Company of Oklahoma City. One F. L. Oden, a soliciting agent of said company, was named personally as payee. The note was accepted by Oden from defendant with the understanding that a certain type policy would be forthcoming from the company. The policy thereafter delivered did not fulfill the agreement. Oden indorsed the note to plaintiff allegedly on May 27th, which was before maturity.

The defense is based on the theory that the note, if it belonged to anyone, belonged to the insurance company; that both Oden and the plaintiff were at all times agents of said company and that plaintiff was being used merely as a nominal party for collecting the note under the guise of an innocent purchaser; and, further, that plaintiff knew the conditions under which the note was executed and knew that the consideration therefor had failed when he accepted the note, and that the same was delivered to Oden upon a contingency which had never taken place, thus rendering the note inoperative.

The evidence shows that the consideration for the note, delivery of a proper policy, had failed. It is shown further that Oden, by the contemporaneous agreement with defendant, agreed that the company would not accept the note if the policy was not issued; that the note would be good only in event the proper policy was forthcoming.

There is competent evidence that plaintiff was at all times a soliciting agent for the insurance company. That Oden was also its agent is not disputed. Plaintiff maintained an office with said company and used its telephone, for which he says he paid rent to the company.

Certain letters of the company were received in evidence wherein it attempted to collect the note from defendant, but the company stated in said letters that it did not own the note, but was merely helping the owner to collect the amount due thereon.

Plaintiff testified that he purchased the note from Oden in good faith, before maturity and without notice of the aforesaid agreement, but says he knew that the note was given in payment of a Republic Life Insurance policy.

The main question for our determination is whether the trial court, under the evidence, was justified in holding that the plaintiff did not take the note in good faith and for value, and was, therefore, not a holder in due course within the meaning of subdivision 3, section 11351, O. S. 1931.

Oden and the insurance company were not to accept the note, and it was not to be good, unless a certain contingency took place, to wit, the issuance of a certain kind of policy. That contingency did not happen. This constituted not only a failure of consideration, but served to prevent the title to the note from passing to the payee and his assignee with notice (Farmers' Bank v. Nichols, 25 Okla. 547, 106 P. 834; Republic Nat. Bank v. First State Bank of Oilton, 110 Okla. 299, 237 P. 578); and such contingency may be shown by parol evidence (Harlow Pub. Co. v. Walden, 168 Okla. 163, 32 P.2d 278).

By proving the aforesaid contingency the defendant overcame the presumption that plaintiff was a holder in due course and thereby establish a defense, and placed the burden upon plaintiff to prove that he took the note without notice of the defective title. Section 11358, O. S. 1931; 8 C. J. 983. Oden's title was defective within the meaning of the Negotiable Instruments Law, section 11354, O. S. 1931; he had no title, and under the circumstances he negotiated the instrument in breach of faith. The case of Cook v. Tannery, 109 Okla. 85, 234 P. 590, cited by plaintiff, is not contrary to or in conflict with the above views.

Plaintiff's own testimony would show that he was a holder of the note in due course. He offered no further evidence. Did this sustain the burden placed upon him by said section 11358 to show that he took the note without notice of the aforesaid contingent delivery? If he did thereby sustain the burden, was the evidence relating to plaintiff's relationship and association with the insurance company, which actually received the note from plaintiff through the agency of Oden, sufficient to rebut that evidence and to sustain the trial court's judgment?

While the testimony of a single witness is ordinarily sufficient to support the finding of a court or jury on an issue in a law action (Bruce v. McIntosh, 57 Okla. 774, 159 P. 261), in some jurisdictions the triers of the facts are not always bound to accept such testimony as true even if the

**598**

same is uncontroverted. 23 C. J. 53, sec. 1796. The rule as applied in this jurisdiction is stated in Carlisle v. State, 178 Okla. 231, 62 P.2d 617, as follows:

"Undisputed credible testimony not inherently improbable is generally binding upon the ,court or jury, but evidence is not regarded as undisputed if 'it is at variance with the facts and circumstances of the case or reasonable inferences to be drawn therefrom."

Since the manner of a witness as displayed upon the stand may serve to discredit him (National Union v. Kelley, 42 Okla. 98, 140 P. 1157), and since the court or jury may consider the interest of the witness in determining the value of his testimony (Carlisle v. State, supra), such matters may constitute "facts and circumstances of the case" from which an inference of variance may be drawn sufficient to amount to a contradiction of his testimony. We are unable to say what the demeanor of the plaintiff as a witness displayed in the case. The trial court was not accorded the opportunity of observing him. for he testified only by deposition. We hold, however, that plaintiff's interest in the litigation, coupled with the evidence of his connection and association with the insurance company, constituted facts and circumstances at variance with his testimony, and sufficiently contradictory thereof as to support the judgment of the court to the effect that plaintiff had failed to sustain the burden of proof cast upon him as aforesaid.

Plaintiff assigns as error the admission in evidence of the Oklahoma City telephone directory and a handbook of the National Underwriter's Company for the purpose of showing plaintiff's connection with the Republic Life Insurance Company. Whether competent or not, this evidence merely corroborated other evidence offered by defendant and the admissions of plaintiff himself contained in his own testimony; he admitted the agency relationship with said insurance company. Plaintiff fails to show wherein he was prejudiced by reason of the admission of the questioned evidence. In fact, he cannot now complain, since he has admitted to the fact in issue, and has allowed other evidence thereof to be received without objection. First National Bank v. Beatty, 172 Okla. 47, 45 P.2d 158.

The judgment is affirmed.

BAYLESS, V. C. J., and RILEY, WELCH, and DAVISON, JJ., concur.