### SHARP v. GOSSETT.

No. 28495.   Oct. 18, 1938.

540

Rex H. Holden, Wm. O. Coe. R. B. Holtzendorff, and John E. McCain, for plaintiff in eror.

Stephen A. George and John Clark Caldwell, for defendant in error.

HURST, J. This is an action on a promissory note, originating in the justice of the peace court. Verdict was rendered for defendant, and plaintiff appealed to the district court, where, on trial de novo, judgment was again rendered for defendant. Plaintiff appeals. The facts are as follows:

Defendant executed the promissory note in question to the Republic Life Insurance Company in payment of a premium on an insurance policy. Plaintiff acquired the note by transfer from the insurance company. Defendant proved at the trial of the cause that the note was obtained from him by fraud on the part of the agent of the insurance company. The question presented to us is whether the trial court erred in rendering judgment for defendant because, as plaintiff claims, there was no evidence to show that plaintiff took the note in question with notice of the defect in the title of his transferor, the insurance company.

When the insurance company obtained the note by fraud, its title was defective.

Section 11354, O. S. 1931 (48 Okla. St. Ann. sec. 125). The presumption that plaintiff held the note in due course was therefore overcome and it then devolved upon plaintiff to prove that he took the note without notice of the defect of title of his transferor. Section 11358, O. S. 1931 (48 Okla. St. Ann. sec. 129); Sharp v. Young (1938) 182 Okla. 596, 78 P.2d 815. Plaintiff's own testimony tends to show that he was a holder in due course, and we are therefore confronted with the same question as appeared in Sharp v. Young, supra, to wit: Is the evidence relating to plaintiff's relationship and association with the insurance company and the other facts and circumstances appearing in the record sufficient to create an issue of fact on the question as to whether he had sustained the burden of proof cast upon him, and to sustain the trial court's judgment?

It was stipulated that plaintiff was a stockholder in the insurance company and the record discloses that plaintiff refused to produce or exhibit the check which he testified he gave for the note in question. He testified that he discounted notes for the company, and paid $40.73 for the note when the unpaid balance was $54.30. Our disposition of the case of Sharp v. Young, supra, is controlling here. Therein we stated:

"We hold, however, that plaintiff's interest in the litigation coupled with the evidence of his connection and association with the insurance company constituted facts and circumstances at variance with his testimony, and sufficiently contradictory thereof as to support the judgment of the court to the effect that plaintiff had failed to sustain the burden of proof cast upon him as aforesaid."

See, also, Sharp v. Dunlap (1936) 176 Okla. 329, 55 P.2d 971, and Sharp v. Meyers (1938) 182 Okla. 375, 77 P.2d 1135.

Our holding herein makes it unnecessary to determine whether there was a total failure of consideration for the note for the reason that the insurance policy was ultra vires the power of the Republic Life Insurance Company to issue it.

Affirmed.

OSBORN, C. J., BAYLESS. V. C. J., and WELCH, GIBSON, and DAVISON, JJ., concur. RILEY and PHELPS, JJ., absent. CORN, J., dissents.