## SHARP v. KELSEY.

No. 28248.    Jan. 31, 1939.

Rex H. Holden, Wm. O. Coe, R. B. Holtzendorff, and Hadwiger & Hadwiger, for plaintiff in error.

E. W. Snoddy and L. Z. Lasley, for defendant in error.

CORN, J. This action originated in a justice of the peace court in Woods county, wherein H. H. Sharp, as plaintiff, sought to recover on a promissory note executed by J. B. Kelsey. Default judgment was rendered against Kelsey in the justice of the peace court, and he appealed to the county court, where the jury returned a verdict in his favor. From this judgment plaintiff appealed. The parties occupy the same positions here as in the trial court, and we shall refer to them as plaintiff and defendant respectively.

The facts are substantially as follows: Plaintiff sued to recover upon a promissory note executed by defendant to the Republic Life Insurance Company, as payee, in payment of premiums on life insurance policies. Plaintiff alleged he was a holder in due course of this note. Defendant's answer admitted execution of the note, but alleged a failure of consideration in that the life insurance policies and shares of stock, for which the note had been given in payment, had never been delivered.

Defendant further alleged the note passed from the original payee to the Republic Life Agency, which agency had notice of the infirmities in the note. Also, that the plaintiff took the note from the Republic Life Agency with knowledge of the existence of such infirmities, without being a purchaser for value, and thus could not be a holder in due course of the instrument.

Plaintiff's demurrer to this answer was overruled. The case was tried to a jury, and plaintiff's demurrer to the defendant's evidence was overruled, as was plaintiff's motion for a directed verdict. The jury returned a verdict for the defendant.

Plaintiff has appealed, offering six assignments of error as grounds for reversal of the judgment of the trial court. However, all the argument is directed toward showing the county court erred in overruling, at the close of the evidence, plaintiff's motion for a directed verdict and judgment in his favor and against the defendant.

The evidence showed defendant executed this note to the Republic Life Insurance Company in consideration of the issuance of

two life insurance policies and certain shares of stock in the company. It was further shown the same were never delivered. The note was transferred by the original payee to the Republic Life Agency, which was the trade-name of the business operated by plaintiff. The note was then transferred from this firm to the plaintiff, who now claims to be a holder in due course.

The plaintiff admitted he was a soliciting agent for the insurance company, but professed not to know whether he was serving in such capacity at the time he claimed to have purchased the note. Plaintiff also claimed to have paid a valuable consideration for the note, but produced no evidence, either to show he had paid for the note or that he purchased it at a time when he was not connected with the Republic Life Insurance Company.

The question for our determination is whether, under all the evidence, the trial court erred in overruling plaintiff's motion for a directed verdict and in entering judgment on the verdict of the jury in favor of the defendant, thus holding plaintiff was not a holder in due course, not having taken the note in good faith and for value within the meaning of section 11351, O. S. 1931 (48 Oklahoma Stat. Ann. sec. 122).

This note was executed as payment of premiums on life insurance policies and shares of stock. The evidence showed neither the policies nor the stock was ever delivered. This constituted a failure of consideration. Although the plaintiff's testimony tended to show him to be a holder in due course of the note, by showing the failure of the consideration the defendant overcame the presumption and the burden then shifted to the plaintiff to prove he took the note in good faith without notice of any defect. Sharp v. Meyers, 182 Okla. 375, 77 P.2d 1135, and cases cited therein.

Thus it becomes necessary to decide whether the plaintiff sustained the burden placed upon him of showing that he took this note without any notice of the defect in the title. This burden is placed upon him by statute. Section 11358, O. S. 1931 (48 Okla. Stat. Ann. sec. 129). See, also, Voss v. Smith, 98 Okla. 90, 224 P. 328; Sharp v. Young, 182 Okla. 596, 78 P.2d 815; Sharp v. Meyers, supra.

In Sharp v. Young, supra, when called upon to decide the same problem with which we are confronted here, this court said:

"We hold, however, that plaintiff's interest in the litigation coupled with the evidence of his connection and association with the insurance company constituted facts and circumstances at variance with his testimony, and sufficiently contradictory thereof as to support the judgment of the court to the effect that plaintiff had failed to sustain the burden of proof cast upon him as aforesaid."

The defendant introduced his evidence to show title to the note was defective, no consideration having passed from the payee therefor. To refute this, plaintiff only showed he bought the note before maturity and in good faith. The evidence being conflicting, an issue was raised for the jury to pass upon, and they decided the matter adversely to the plaintiff. The verdict of the jury was approved by the trial court, and under the facts in this case this court is bound by that judgment. Sharp v. Meyers, supra.

Judgment affirmed.

BAYLESS, C. J., and RILEY, HURST, and DANNER, JJ., concur.