BOWERSOCK v. BARKER.

*96 P. 2d 18.*

No. 29099. Nov. 14, 1939.

Darnell & Gibson, of Clinton, for plaintiff in error.

Arney & Barker, of Clinton, for defendant in error.

HURST, J. Plaintiff Bowersock brought this action to recover the balance due on the purchase price of an automobile sold by him to defendant Barker under a written contract. Defendant, by answer, alleged that he had been induced to enter into the contract by fraudulent misrepresentations made by plaintiff as to the condition and performance of the car, upon which matters he had no knowledge, but relied upon plaintiff's statements; that such statements were false, and known so to be by plaintiff, who made them with such knowledge to induce defendant to enter into the contract. By cross-petition defendant sought damages. The cause was submitted to a jury, resulting in a verdict for defendant, on which judgment was rendered. Plaintiff appeals.

The sole question presented is whether the trial court erred in admitting parol evidence of the statements of plaintiff relative to the condition of the automobile, made in the course of the negotiations preceding and leading up to the signing of the contract. The contract contained this provision:

"No warranties, express or implied, representations, promises or statements have been made by seller unless endorsed herein in writing."

The contract was silent as to the condition of the car. Plaintiff relies upon section 9456, O. S. 1931, 15 Okla. St. Ann. § 137, providing that the execution of a written contract supersedes all oral negotiations or stipulations preceding or accompanying the execution thereof, and upon cases such as Smith v. First Nat. Bank of Chandler (1926) 114 Okla. 293, 245 P. 653; Western Silo Co. v. Pruitt (1923) 94 Okla. 154, 221 P. 106, and Ozark States Trust Co. v. Winkler (1921) 84 Okla. 7, 202 P. 12, and many others, holding that the statute cited prevents the introduction of parol evidence tending to vary the terms of a written contract, in the absence of fraud, accident or mistake. But the rule of law announced in this statute and these cases is not applicable to the facts here. Defendant testified that to induce him to

execute the written contract, and prior to the signing thereof, plaintiff stated to him that the car had never been wrecked, was in good condition, and could be driven at least 2,000 miles without adding oil, and that he, plaintiff, had driven the car frequently and knew that such statements were true and correct. Defendant testified that he believed and relied upon these statements, and, but for them, would not have executed the contract. He further testified that he thereafter discovered that such representations were not true, that the car had been wrecked and rebuilt, used oil in excessive quantities, and that he was put to considerable expense in attempting to correct these defects.

The allegations of defendant's answer and cross-petition charged fraud and false representations by plaintiff to induce defendant to enter into the contract of purchase sued on, and his evidence in support thereof was sufficient to take the case to the jury, and to sustain the verdict. The rule of law contended for by plaintiff, commonly known as the parol evidence rule, does not preclude the introduction of parol evidence to show fraud and misrepresentation in inducing the execution of a written contract. One who is fraudulently induced to execute a written contract by the oral misrepresentation of the opposite party may always show that fact in evidence when he bases his defense on fraud in inducing the making of the contract. And he may do this, even though the contract sued on provides that all the agreements or representations between the parties are contained therein. Miller v. Troy Laundry Mach. Co. (1936) 178 Okla. 313, 62 P. 2d 975; Hooker v. Wilson (1918) 69 Okla. 43, 169 P. 1097. The rule laid down by section 9456, supra, was designed to prevent fraud, not to promote or protect it, and the right of a party to a contract to show by parol evidence that he was induced to execute it by the fraud or misrepresentation of the other party is an exception to the rule which is as well recognized as the rule itself. By his pleadings defendant brought himself within the exception, and the evidence complained of was properly admitted.

Affirmed.

BAYLESS, C. J., and RILEY, CORN, and DANNER, JJ., concur.