ALEXANDER HAMILTON INSTITUTE
v. WAYNE.

*98 P. 2d 37.*

No. 29281.   Jan. 16, 1940.

M. L. Hankins, of Shawnee, for plaintiff in error.

Goode & Goode, of Shawnee, for defendant in error.

WELCH, V. C. J. The Alexander Hamilton Institute brought suit against J. W. Wayne to recover on a written contract order for books executed by the defendant.

In his answer the defendant, J. W. Wayne, denied generally the allegations in the petition, and affirmatively alleges as follows:

Defendant admits that he signed some sort of an enrollment contract with the plaintiff, but that he does not have a copy of what he signed, and does not know whether the exhibit attached to the plaintiff's petition is the instrument which he signed, and therefore denies that he signed the instrument, and further avers that the representatives of the plaintiff represented to him that the books he would receive were of a nature that would be of aid to him in operating his electrical repair shop, and that when he started to read the contract before signing same the representatives of the plaintiff informed him that the contract was the same as they had agreed to orally; thereby relying upon these representations, he signed the contract without first reading it, and paid the agents the sum of $10. Defendant further alleges that the contract was procured by fraud and misrepresentations by the agents as above set out. That the books were not what the agents had informed him they would be, and therefore upon receiving them he returned the same to the plaintiff, after having become convinced they could not be used and were not as represented by the agents of the plaintiff. And defendant asked that the plaintiff have nothing and he recover from the plaintiff the sum of $10.

The jury rendered a verdict for the defendant, and judgment was entered accordingly.

For reversal the plaintiff urges that the judgment is not sustained by the evidence and is contrary to law; that the court erred in overruling its motion for judgment on the pleadings, and its motion for judgment notwithstanding the verdict. Also that the court erred in certain of its instructions and in refusing to give certain requested instructions, and in allowing defendant to introduce certain evidence, and refusing to admit certain evidence offered by the plaintiff. We have examined the record and find that no reversible error was committed in the trial of the cause.

In support of allegations of fraud in his answer, the defendant, J. W. Wayne, testified in part that the salesmen for the plaintiff told him they had a set of books consisting of approximately 26 books, with some extra matter that would train him to take care of his own

bookkeeping, show him how to dress a window, to present sales argument in the selling of repair work, and the majority of it would be technical advice and information in the repairing of mechanical household appliances, and better, easier, and quicker ways of doing that work; that he signed a contract after the salesman filled in several words, that he did not read the contract, and that when he started to read it both salesmen then started to talk and told him that it was just a standard contract, everybody used it, and that it would not be necessary to read it. That he believed what the salesmen told him or he would not have signed the said contract. Defendant further testified that he was unable to find anything in any of the books he received about the repairing of mechanical devices or electrical devices.

Under the conditions of the record we believe the case is governed by the rule of law announced by this court in Miller v. Troy Laundry Machinery Co., Inc., 178 Okla. 313, 62 P. 2d 975, and Publishers Finance Co. v. Lovelace, 185 Okla. 322, 93 P. 2d 748. In these cases in the syllabus we held:

"An exception to the parol evidence rule exists for the purpose of proving fraud in inducing the execution of a written contract.

"One who is fraudulently induced to execute a written contract by the oral misrepresentation of the opposite party may show that fact in evidence in an action or defense of fraud, even though the written contract contains a recital that all agreements between the parties are contained therein and that there are no verbal agreements at variance therewith.

"A transaction into which one is induced to enter by reliance upon untrue and material representations as to the subject matter, made by an agent intrusted with its preliminary or final negotiations, is subject to rescission at the election of the person deceived."

This cause was tried to a jury under instructions fairly stating the law. Under the record presented, we are unable to say that the verdict of the jury and the judgment rendered thereon are contrary to the law and the evidence. Accordingly, the judgment is affirmed.

BAYLESS, C. J., and CORN, GIBSON, and DAVISON, JJ., concur.