G. A. NICHOLS, Inc., v. KARNES.

No. 29487. Sept. 24, 1940.

*106 P. 2d 125.*

Shirk, Paul, Earnheart & Shirk, of Oklahoma City, for plaintiff in error.

A. E. Pearson, of Oklahoma City, for defendant in error.

HURST, J. Plaintiff, Nichols, Inc., brought two actions against defendant, Karnes, to foreclose contracts for the sale of real estate for the unpaid balance due from defendant under the contracts. The cases were consolidated and tried together. From an adverse verdict and judgment, plaintiff appeals.

The contracts involved property in Nichols Hills and in Douglas Place addition to Oklahoma City. The defense in both cases was that the defendant was induced to enter into the contract to purchase the Douglas Place property by the false representation of plaintiff that such addition was modern, and that when she ascertained that the addition did not have sanitary sewer connections she demanded her money from plaintiff, which demand was rejected. She asserted that the money paid down by her on the Douglas Place property was more than the balance due on the Nichols Hills property, and asked that the Douglas Place contract be canceled, and the money paid by her on that contract be returned to her, after deducting the amount due on the Nichols Hills property.

Defendant testified that she and her partner in the real estate business, a Mrs. Good, were looking for some lots upon which they could build houses for sale; that they went to the courthouse records and from them ascertained that plaintiff owned these lots; that Mrs. Good went to plaintiff's office and inquired about the lots, and that thereafter one of plaintiff's salesmen came to the office and discussed the lots with them, and all three drove out and looked at the lots; that in the conversation at the office the salesman, in response to their specific inquiry, assured them that the addition was modern, and that when they looked at the lots they did not get out of the automobile, and she did not look 'for electric light poles and wires, or anything of that sort, because of the assurance given by the salesman that the addition was modern. She further testified that she did not learn that such was not the fact until about a month after the contract was signed, when she was so advised by a lumber salesman or building contractor; that she had made preliminary plans for building a house on the lots when she was informed that there were no sewer facilities out there. When she had verified this information at the city offices, she demanded that the contract be canceled and her money, including a bill for abstracts which she had procured on the property, be refunded. This was refused by plaintiff, and she then declined to make further payments on the Nichols Hills property until the plaintiff canceled the Douglas Place contract and returned the money she had paid thereunder.

Plaintiff contends that this evidence was not sufficient to justify the submission of the case to the jury, and that the verdict and the judgment thereon are not supported by sufficient evidence, and are contrary to law. But it is settled that where a party is induced to enter into a contract by false representations, the contract may be set aside, and that the allegation and proof of such untrue representations is a sufficient defense to an action on the contract. Bowersock v. Barker, 186 Okla. 48, 96 P. 2d 18, 127 A.L.R. 130. Plaintiff asserts that it is its firm belief that defendant purchased the Douglas Place lots as an oil venture, but it produced no substantial evidence to support this theory. It also contends that defendant should have discovered that the addition was not modern upon her inspection of the lots. Defendant testified that her casual inspection of the lots was only to ascertain their contour and situation as possible building sites. Whether defendant was deceived by the representation was a question for the jury. Kelly v. Robertson, 61 Okla. 85, 160 P. 46;

Martinson v. Hamil, 132 Okla. 70, 269 P. 255. The testimony of plaintiff, if believed by the jury, was sufficient to support the verdict. McAtee v. Garred, 185 Okla. 314, 91 P. 2d 1095. The rule announced in Nowka v. West, 77 Okla. 24, 186 P. 220, and other cases cited by plaintiff, does not apply, as the statement of plaintiff's agent testified to by defendant was a statement of fact, and not the mere expression of an opinion.

Affirmed.

BAYLESS, C. J., and OSBORN, CORN, and GIBSON, JJ. concur.