OKLAHOMA STATE UNION OF the
FARMERS' EDUCATIONAL AND CO-
OPERATIVE UNION OF AMERICA, a
Voluntary Association, Plaintiff in Error,

v.

G. B. KEATHLEY, Defendant in Error.

No. 36887.

Supreme Court of Oklahoma.

Sept. 13, 1955.

Rehearing Denied Nov. 29, 1955.

Application for Leave to File Second Petition
for Rehearing Denied Jan. 10, 1956.

William M. Franklin, Oklahoma City, for plaintiff in error.

Wise & Ivester, Sayre, for defendant in error.

HALLEY, Justice.

Parties will be referred to as they appeared in the trial court.

On April 22, 1952, the defendant made application to the plaintiff for hail insurance on his wheat crop of 300 acres in Beckham County, Oklahoma, in the amount of $3000.00. The premium was $360.00 for which the defendant gave his personal note secured by a chattel mortgage on the wheat. The defendant filed a notice with the plaintiff that his wheat crop was damaged by hail at about one o'clock A.M. on May 23, 1952, and estimated his damage at 25%. The plaintiff sent an adjuster out to look at the defendant's wheat. The adjuster examined the wheat and determined that the loss from hail was less than five per cent of the wheat. The adjuster had the defendant sign a release of claim on the proof of loss. This release of claim is not clear and we set it out:

"Release of Claim

In consideration of no loss releasing me from expense of this adjustment, and with a full understanding of the policy by-laws, I hereby withdraw my claims for loss and damage by storm on the 23 day of May, 19 2, and all loss previous to this date under policy described above.

Insured G. B. Keathley

Approved by Leslie Hogg,

Adjuster"

Witness L. E. Hogg

Apparently the plaintiff considered that the defendant withdrew his claim in consideration of no charge being made for the services of the adjuster. The defendant denied this. He claimed that the ad-

juster fraudulently represented that this release of claim which he signed was simply acknowledgement by the defendant that the adjuster had inspected the loss. He did not have glasses and was unable to read the instrument he signed. After some correspondence between plaintiff and defendant the plaintiff filed suit to recover on the note and foreclose the mortgage. The defendant filed a counterclaim claiming a loss to his wheat of thirty-five per cent for which he sought judgment, less the amount of the premium. The case was tried to a jury and a verdict was rendered for the defendant for $690 with interest at six per cent per annum from December 2, 1954. A motion for new trial was filed and overruled and the plaintiff has appealed.

The plaintiff makes three contentions:

"1. That the court erred in overruling plaintiff's demurrer to defendant's answer and counter claim.

"2. That there is not sufficient evidence to sustain the verdict and the judgment thereon.

"3. That the court erred in not allowing an attorney's fee for the plaintiff."

It is quite apparent from reading the evidence in this case that the defendant at no time intended to waive his claim under the insurance policy. Certainly the counterclaim stated a cause of action on the policy and there was sufficient evidence to go to the jury on the question of the release. We think that the first two points raised by the plaintiff are settled by our decisions in the following cases: Dusbabek v. Bowers, 173 Okl. 53, 43 P.2d 97, 47 P.2d 141; Miller v. Troy Laundry Machinery Co., Inc., 178 Okl. 313, 62 P.2d 975; Publishers Finance Co. v. Lovelace, 185 Okl. 322, 93 P.2d 748; Bowersock v. Barker, 186 Okl. 48, 96 P.2d 18, 127 A.L.R. 130; Pacific National Fire Ins. Co. v. Smith Bros. Drilling Co., 196 Okl. 74, 162 P.2d 871.

As to plaintiff's third contention that it should be allowed the attorney's fee under the note, we think it is not well taken for the reason that the defendant did not deny owing the note but said he was entitled to recover a sum over and above the

amount of the note. The finding by. the jury was tantamount to a holding that the lawsuit by the plaintiff was prematurely brought. We think the rule should be that the maker of a note given to pay for an insurance policy is not liable for an attorney's fee for the collection of a note where he counterclaims in the suit on the note and recovers on the policy an amount in excess of the sum owing on the note. Wagner & Chisholm v. Dunham, Tex.Civ.App., 246 S.W. 1044; 11 C.J.S., Bills & Notes, § 726, b (9).

Judgment affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, CORN, DAVISON, BLACKBIRD and JACKSON, JJ., concur.