Glenn C. FARRIS, Appellant,

v.

C. T. STURNER and Ila Mae Sturner,
Appellees.

No. 5964.

United States Court of Appeals
Tenth Circuit.

Feb. 12, 1959.

G. C. Spillers, Jr., Tulsa, Okl. (G. C.
Spillers, Tulsa, Okl., was with him on
the brief), for appellant.

**538**

Marvin T. Johnson, Tulsa, Okl., for appellees.

Before HUXMAN, MURRAH, and BREITENSTEIN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

In this diversity action appellant-plaintiff, Farris, sued to recover an unpaid balance of $6,889.09 on a promissory note, made by appellee-defendant Sturner and payable to R. J. Smith, and to foreclose a mortgage given by Sturner and his wife to secure payment of that note. Smith endorsed the note and assigned the mortgage to Farris. The defenses were that the note was given without consideration, that the endorsement and assignment were fraudulent, and that Farris was not a holder in due course. In a third-party complaint against Smith, Sturner asserted certain claims which are not pertinent to this appeal. After a jury trial, judgment was entered in favor of the defendants.

Farris, Sturner and Smith were all in the lumber business. Prior to the execution and delivery of the note in December, 1948, Sturner and Smith had engaged in various transactions which need not be detailed. Evidence for the plaintiff was that the note represented an account balance due from Sturner to Smith. Sturner testified that the note was given as an accommodation to assist Smith in financial difficulties in which he was then embroiled. In any event the note, dated December 10, 1948, and the mortgage, dated January 31, 1949, were, on March 22, 1949, deposited by Smith with Farris to secure the payment of a note then given by Smith to Capilano Timber Co., Ltd., to which Smith was indebted. In so receiving and holding the note and mortgage Farris was acting as the agent of Capilano.

With the assistance of Farris, Smith liquidated certain of his assets and paid off the Capilano debt. Thereafter Farris and Smith had a settlement between themselves of various claims which are not detailed in the record. Farris testified that in such settlement Smith received from him 64 shares of stock in the Glenn Farris Lumber Company and he, in his personal capacity, received from Smith the Sturner note and mortgage.

The note provided for monthly payments of $250 which were made regularly until the fall of 1950. After Sturner had failed to make three monthly payments, Farris, in accordance with the terms of the note, declared the entire balance due and payable. Thereafter the delinquent installments were paid and the default forgiven. On December 24, 1951, Sturner paid the installment due December 10, 1951, and made no payments thereafter.

The settlement between Farris and Smith was in January, 1952. The exact date was not stated by either of them. The stock certificate issued to Smith is dated January 3, 1952. In the absence of any contradictory evidence, this indicates that the settlement and transfer of the note and mortgage to Farris occurred on or before that day.

At the conclusion of the plaintiff's case the trial court found that Farris "did not personally gain an interest in the note and mortgage until about April of 1952"; and that the note then "was in default by some three or four months." On the basis of such findings the court held that Farris was not a holder in due course and that any defenses which Sturner had as against Smith could be asserted against Farris. In defense, evidence was offered, and received over objection, of various items claimed by Sturner to be due to him from Smith by way of setoff. The case was submitted to the jury on the issue of failure of consideration and on the existence of any setoff. The jury returned a verdict for the defendants and judgment was entered cancelling the note and mortgage.

■ The finding of the trial court that Farris did not have any personal interest in the note or mortgage until "about April of 1952" has no support in the record. The evidence is that Farris became the holder, in his personal capacity, of the note and mortgage as a part

of his settlement with Smith which occurred on or before January 3, 1952. At that time the note was not in default as no payment thereon was due until January 10, 1952.

In his brief, counsel for Sturner makes no effort to sustain this finding of the trial court. Instead he argues that Farris knew of an infirmity in the note when he received it in his personal rather than representative capacity. The record shows that Farris through his attorney had notice of some nebulous and undefined claim asserted by Sturner against Smith and also that after such notice Sturner continued for a number of months to make the installment payments without objection. This calls for application of the familiar rule that where the evidence and the inferences reasonably deductible therefrom are such that reasonable minds may honestly differ, the issue is one of fact to be determined by the jury.[1] The trial court took this issue from the jury by its erroneous holding that Farris became the owner of the note after it was in default.

As there must be a new trial, certain other points should be mentioned. Sturner asserts that collection of the note is barred by the five-year Oklahoma statute of limitations[2] because in November, 1950, the holder of the note, Farris as agent for Capilano, under the acceleration clause of the note declared the entire amount due for failure to pay three monthly installments. Later, and after receiving assurance from Farris' lawyer that the default would be waived upon payment of the past due installments, Sturner voluntarily paid such installments and continued payments on the note until January, 1952. By accepting the payments the holder waived

the default and by voluntarily making the payments the maker tolled the running of the statute of limitations.[3]

Over objection the court received in evidence as defendants' Exhibit 8 a letter dated June 28, 1951, and written by Sturner to Smith. In this letter Sturner charged Smith with unfair and dishonorable conduct in connection with certain transactions and specifically asserted that Smith was trying to escape liability "on the mortgage deal by assigning to Farris." There is no evidence that Farris knew of the letter or its contents before its production in connection with the trial. The statements in the letter were entirely self-serving. Farris was not bound by them. A man cannot make evidence for himself by writing a letter containing the statements he wishes to prove.[4] The exhibit should not have been received in evidence against Farris.

Over the objection that the defendants had not asserted the defense of setoff in their pleadings, the trial court received evidence of setoffs which Sturner asserted against Smith and instructed the jury in substance that the plaintiff's recovery should be reduced by the amount of such setoffs. The confusion which attended this trial was such that both court and counsel apparently were unable to distinguish between a defense of failure of consideration and a claim of setoff. Suffice it to say that upon remand opportunity should be afforded for the amendment of pleadings if any party so desires.

On the record before us we make no determination as to whether Farris is a holder in due course and no determination as to the availability of the setoffs claimed by Sturner against Smith as a

---

1. Millers' National Insurance Co., Chicago, Illinois v. Wichita Flour Mills Co., 10 Cir., 257 F.2d 93, 98. Oklahoma has held that when the evidence is conflicting as to whether a holder of a note is a holder in due course, the issue is for the jury. Sharp v. Meyers, 182 Okl. 375, 77 P.2d 1135, 1137. See also Lindner Packing & Provision Co. v. Kokrda, 10 Cir., 54 F.2d 31, 33.

2. 12 O.S. § 95.

3. 12 O.S. § 101; Fairfax Nat. Bank v. Burt, 197 Okl. 517, 176 P.2d 216, 217. Cf. Tiger v. Sellers, 10 Cir., 145 F.2d 920, 923; Storrie Coal Co. v. McAlester Fuel Co., 10 Cir., 109 F.2d 90, 92.

4. Leach & Co., Inc. v. Peirson, 275 U.S. 120, 128, 48 S.Ct. 57, 72 L.Ed. 194.

defense to an action on the note by Farris.

The judgment is reversed and the case remanded for further proceedings in harmony with the views herein expressed.