The SANCO FINANCE COMPANY, Inc.,
a corporation, Plaintiff in Error,

v.

Barton NEAL and Nellie Neal, Defendants
in Error.

No. 40236.

Supreme Court of Oklahoma.
Nov. 12, 1963.

Paul L. Washington, Oklahoma City, for plaintiff in error.

J. M. Sheehan, of McClelland, Collins, Sheehan, .Fauss, Bailey & Bailey, Oklahoma City, for defendants in error.

DAVISON, Justice.

This is an appeal by The Sanco Finance Company (plaintiff below) from a judgment rendered on jury verdict in favor of Barton Neal and Nellie Neal, husband and wife, (defendants below) in an action wherein plaintiff sued for judgment upon defendants' promissory note. The parties will be referred to as they appeared in the lower court.

Plaintiff's petition alleged a promissory note from defendants to Filter Queen of Oklahoma, Inc., dated October 10, 1960, in the sum of $339.60 payable in 24 installments, alleging the note was "properly assigned to the plaintiff," and non-payment of any part thereof. There was no allegation that plaintiff was a holder in due course. Defendants answer and cross-petition alleged that the note was secured by fraud on the part of Filter Queen of Oklahoma, Inc., and its agents, in that said agents informed defendants that defendants were appointed associate representatives for said concern to furnish prospective purchasers for its products for which defendants would be given a $25 credit for each purchase; that defendants were told they

would be given a vacuum cleaner free of charge, other than their services in furnishing such prospects; that in signing certain papers acknowledging their appointment as associate representatives they were fraudulently induced to sign the note sued on; that the vacuum cleaner was unused and same was tendered to plaintiff; and praying for cancellation of the note.

At the close of the evidence the court instructed the jury without any objection or exception to such instructions. The jury returned a verdict for defendants and for return of the vacuum cleaner to plaintiff and that the note be canceled.

Plaintiff urges that the trial court should have directed a verdict for plaintiff and that the court erred in holding that plaintiff was not a holder in due course.

The only testimony for plaintiff was by an employee. He testified that the note was assigned to plaintiff on October 12, 1960, at a branch office of plaintiff and that he was employed in the home office and that he had no knowledge of what was said or of the facts or circumstances surrounding the execution of the note and the assignment of the same to plaintiff.

The defendant Barton Neal testified he was 57 years of age and had a fourth grade education; that he could read and write a little, and worked as a porter for a meat company. He testified substantially in accordance with the allegations of the answer and cross-petition, and that the agents of Filter Queen told him the sweeper would not cost him a dime and would be paid for by securing prospective purchasers for the product; that he could return the sweeper any time, and that he did not know what he was signing except that he and his wife were told the papers were appointments as associate representatives of the company. Three instruments consisting of the note, "Associate Representative Advertising Commission Warranty," and "Explanation of the Associate Representatives Advertising Commission Warranty," were introduced in evidence.

The hereinafter mentioned sections of the Negotiable Instrument Law were in effect at the time of the instant transaction and are applicable, although they have since been repealed. Laws 1961, p. 181, Sec. 10–102 (12A O.S.1961 § 10–102)

Title 48 O.S.1961 § 129, provides in part:

"Every holder is deemed prima facie to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as a holder in due course. * * *"

Title 48 O.S.1961 § 125, states that the title of a person to an instrument is defective when he obtained the instrument, or any signature thereto, by fraud.

In Sharp v. Gossett, 183 Okl. 539, 83 P.2d 599, we stated:

"In an action by the indorsee of the payee against the maker to recover on a promissory note, the indorsee, by reason of Sec. 11358, O.S.1931, 48 Okl. St.Ann. § 129, is deemed to be a holder in due course, but when it is shown that the payee's title is defective within the meaning of Sec. 11354, O.S.1931, 48 Okl.St.Ann. § 125, the burden of proof is then upon the indorsee to establish that he took the note without notice of such defective title."

See also Publishers Finance Co. v. Lovelace, 185 Okl. 322, 93 P.2d 748; Sharp v. Young, 182 Okl. 596, 78 P.2d 815; and A. A. Murphy, Inc. v. Banfield, Okl., 363 P.2d 942.

In the present case, when defendants introduced evidence of fraud, the burden was on plaintiff to prove it was a holder in due course. Plaintiff produced no evidence to sustain the burden. Its only witness merely identified the note and the transfer and positively stated he had no other knowledge of the circumstances. This left the question of whether fraud had been practiced on the defendants and the jury

determined this proposition in favor of the defendants.

Under the record we are unable to say that the verdict of the jury and the judgment rendered thereon is contrary to the law or the evidence.

Affirmed.

BLACKBIRD, C. J., HALLEY, V. C. J., and JOHNSON, WILLIAMS, JACKSON, IRWIN and BERRY, JJ., concur.