**Vera A. ADAMS, Appellant,**

v.

**George E. POWELL and Alyce Mae Powell, Appellees.**

**No. 7951.**

United States Court of Appeals Tenth Circuit.

Oct. 8, 1965.

H. W. Fanning, Wichita, Kan. for appellant (W. A. Kahrs, Robert H. Nelson, Richard C. Hite, Darrell D. Kellogg and Roger M. Sherwood, Wichita, Kan., with him on the brief).

William Tinker, Wichita, Kan., for appellees (Arthur W. Skaer, Hugh P. Quinn, Alvin D. Herrington, Richard T. Foster, Lee H. Woodard and William A.

Hensley, Wichita, Kan., with him on the brief).

Before MURRAH, Chief Judge, and BREITENSTEIN and SETH, Circuit Judges.

SETH, Circuit Judge.

The defendants were granted a judgment notwithstanding verdict in a negligence action arising from injuries sustained when the plaintiff slipped and fell in the bathroom of a motel unit she and her husband had rented from the defendants.

The defendants moved for a directed verdict at the close of plaintiff's evidence and again when all evidence was in. The trial court took the motions under advisement and submitted the case to the jury. A verdict for the plaintiff was returned. As indicated, defendants moved for judgment n. o. v. which was sustained and this appeal was taken.

The bathroom used by plaintiff and her husband in defendants' motel had a vinyl floor. A paper bath mat had been placed upon the floor for the use of guests. The plaintiff used the bathroom before retiring but neither she nor her husband had used the tub or shower. The following morning the plaintiff arose and entered the bathroom which had been lighted all night. Upon entering she reached for a faucet on the lavatory, slipped and fell backwards into the bathtub and was injured. Plaintiff testified she was watching where she was going when she walked into the bathroom. She was wearing leather-soled slippers with a low heel at the time.

Plaintiff's husband testified that plaintiff had slipped on the bath mat, and it had been pushed against the wall " * * * away from in front of the wash basin." The husband further testified as to the condition of the floor: "I wouldn't say it was too slick but it was, well, it was real smooth and it was on the slick side. I will put it like that."

The trial court found as a matter of law that a paper bath mat on a vinyl floor in a well-lighted bathroom does not of itself create a dangerous condition. The court also found that there was no evidence on which plaintiff could establish actionable negligence, and consequently the evidence was insufficient to submit the case to the jury.

The accident occurred in the State of Kansas and under Kansas law an innkeeper must meet the standards of care imposed upon proprietors of businesses in general. Under this standard he is obligated to use due care to keep in a reasonably safe condition the portion of the premises which the public will use. Magness v. Sidmans Restaurants, Inc., 195 Kan. 30, 402 P.2d 767; Little v. Butner, 186 Kan. 75, 348 P.2d 1022; Steinmeyer v. McPherson, 171 Kan. 275, 232 P.2d 236; Thompson v. Beard & Gabelman, 169 Kan. 75, 216 P.2d 798; Criswell v. Bankers' Mortgage Co., 128 Kan. 609, 278 P. 722. An innkeeper is of course not an insurer against all injuries which may be suffered by his guests. Magness v. Sidmans Restaurants, Inc., supra; Steinmeyer v. McPherson, supra; Parker v. Kirkwood, 134 Kan. 749, 8 P.2d 340.

The ultimate question is whether the evidence and the inferences fairly to be drawn therefrom are of such nature to require submission of the case to the jury; that is, whether the evidence introduced by the parties and inferences from it could cause reasonable minds to honestly differ. Farris v. Sturner, 10 Cir., 264 F.2d 537.

It is apparent from the record that the plaintiff did not submit proof sufficient to demonstrate that the defendants failed in any way to meet the standards required of them under the laws of Kansas. The record shows that the plaintiff slipped and fell in the bathroom and that she was injured; but she has failed to show that her injury resulted from a breach of duty by the defendants. The only evidence introduced concerning the condition of the floor was the above-quoted description by plaintiff's husband. There was no showing that the floor was unusually slick by reason of wax or other treatment. Nor was

it shown that the paper bath mat was such that its use on the vinyl floor created a dangerous condition.

The plaintiff has not come forward with evidence to show the defendants' negligence and she is not entitled to a submission to the jury. Parks v. Montgomery Ward & Co., 198 F.2d 772 (10th Cir.). This is so although the sufficiency of the plaintiff's evidence was construed in the light most favorable to her. Superior Ins. Co. v. Miller, 208 F.2d 700 (10th Cir.); Farris v. Sturner, 264 F.2d 537 (10th Cir.) It cannot be said that there were facts to be decided by the jury.

Under these facts and under the law of Kansas the plaintiff was not entitled to have the case submitted to the jury, and the defendants were entitled to a judgment notwithstanding the verdict as granted by the trial court.

The case is therefore

Affirmed.